# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1753

_____

United States of America

*Plaintiff - Appellee*

v.

Eric Lamont Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 27, 2019
Filed: November 26, 2019

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

In 2004, Eric L. Williams was sentenced to 20 years' imprisonment for conspiracy to possess with the intent to distribute 5 grams or more of crack cocaine. *See* **United States v. Williams**, 2008 WL 762083, at *1 (E.D. Ark. Mar. 18, 2008), *citing* 237 Fed. Appx. 117 (8th Cir. 2007) *and* 429 F.3d 767 (8th Cir. 2005). In 2019,

the district court[1] denied Williams's motion to reduce the sentence under the First Step Act. He appeals, arguing the court erred by ruling without a hearing and by improperly applying 18 U.S.C. § 3553. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2010, the Fair Sentencing Act increased the threshold for a mandatory minimum sentence from 5 grams to 28 grams of crack cocaine. *See **Dorsey v. United States***, 567 U.S. 260, 269 (2012), *discussing* **Fair Sentencing Act of 2010**, 124 Stat. 2372.

In 2018, the First Step Act made retroactive the Fair Sentencing Act. Section 404 states:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence . . . if a

---

[1] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

-2-

previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

**First Step Act of 2018**, 132 Stat. 5194, 5222. Invoking this section, Williams moved to reduce his sentence. The district court, without a hearing, denied the motion. It concluded that a sentence below 20 years would not satisfy 18 U.S.C. § 3553. The sentence remained below the Guidelines range.

This court reviews *de novo* a question of statutory interpretation. *See* ***United States v. Behrens***, 644 F.3d 754, 755 (8th Cir. 2011). This court reviews for abuse of discretion the district court's sentence under 18 U.S.C. § 3553(a). *See* ***Gall v. United States***, 552 U.S. 38, 56 (2007).

I.

Section 404 of the First Step Act does not require a hearing.

The text controls. Under the First Step Act, district courts "may" impose a reduced sentence, and: "Nothing . . . shall be construed to require a court to reduce any sentence pursuant to this section." **First Step Act of 2018**, 132 Stat. 5194, 5222. Further, the Act does not mention, let alone mandate, a hearing. Because the Act gives district courts discretion to reduce the sentence and does not mention a hearing, it does not require district courts to hold a hearing.

Williams argues the Act's use of "impose"—instead of "modify"—requires a hearing. He cites two statutes that use "impose" and require a hearing, 18 U.S.C. § 3553 and Federal Rule of Criminal Procedure 32. Section 3553 mandates that courts

-3-

"*shall* impose" a sentence.  **18 U.S.C. §§ 3553(a), (b)(1)** (emphasis added).  Section 3553 also requires a hearing "in open court."  **18 U.S.C. §§ 3553(c)**.  Likewise, Federal Rule of Criminal Procedure 32 commands that courts "*must* impose sentence," explicitly providing procedures for a hearing.  **Fed. R. Crim. P. 32(b)(1)**, **(i)**.  The First Step Act, unlike the statutes that Williams cites, provides that courts "*may . . .* impose" a reduced sentence, and does not mention a hearing process.  **First Step Act of 2018**, 132 Stat. 5194, 5222 (emphasis added).  Williams's statutory interpretation, therefore, is amiss.

Williams also asserts that § 404(c)'s provision requiring "a complete review of the motion on the merits" mandates a hearing.  **First Step Act of 2018**, 132 Stat. 5194, 5222.  It does not.  The context is:  "No court shall entertain a motion made under this section to reduce a sentence . . . if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits."  **First Step Act of 2018**, 132 Stat. 5194, 5222.  The phrase a "complete review of the motion on the merits" does not necessitate a hearing.  A district court can conduct a complete review without a hearing, as the district court did here.

Finally, Williams believes that a hearing "makes practical sense."  This court's decision is controlled by the statute's text.

II.

Williams also contends that the district court abused its discretion under 18 U.S.C. § 3553 by improperly weighing his post-sentencing rehabilitation and not discussing the disparity of his sentence.

-4-

As for rehabilitation, the court considered that Williams "has not had a disciplinary infraction in over nine years and has used his time in prison to complete 'several personal betterment, education, and vocational programs,'" yet it declined to reduce his sentence. A district court "*may* consider evidence of a defendant's postsentencing rehabilitation at resentencing." **Pepper v. United States**, 562 U.S. 476, 504 (2011) (emphasis added). But it need not adjust a sentence based on rehabilitation. *See* **United States v. Hernandez–Marfil**, 825 F.3d 410, 412 (8th Cir. 2016). The court did not abuse its discretion by considering the rehabilitation, but not adjusting the sentence.[2]

According to Williams, the district court abused its discretion by failing to consider the disparity between his sentence and those of his co-conspirators and other offenders convicted of trafficking crack cocaine. The district court "need not respond to every argument made by defendant or recite each section 3553 factor." **United States v. Keatings**, 787 F.3d 1197, 1202 (8th Cir. 2015). Instead, the sentencing judge should "set forth enough to satisfy the appellate court that [s]he has considered the parties' arguments and has a reasoned basis for exercising [her] own legal decisionmaking authority." **Id. at 1202-03**, *quoting* **Rita v. United States**, 551 U.S. 338, 356 (2007). The district court stated it considered the section 3553(a) factors, one of which is sentencing disparity, and reviewed the presentence report, trial evidence, and original sentencing transcript. The court reached its decision because of Williams's "long history of drug dealing," as well as evidence that he was

---

[2] Williams relies on two, inapposite out-of-circuit cases. In *United States v. Trujillo*, the district court "did not address any of [defendant's rehabilitation' arguments], even to dismiss them in shorthand." **United States v. Trujillo**, 713 F.3d 1003, 1010 (9th Cir. 2013). "This total omission" did not provide "enough to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." **Id.** Likewise, in *United States v. Robertson*, "it [was] not apparent that the sentencing court considered the [defendant's] unusually strong evidence of self-motivated rehabilitation." **United States v. Robertson**, 662 F.3d 871, 879 (7th Cir. 2011).

responsible for more than 1.0643 kilograms of crack cocaine. The court also noted the current sentence is below the Guidelines range. Because the district court considered Williams's arguments and had a reasoned basis for its decision, it did not abuse its discretion.

\* \* \* \* \* \* \*

The judgment is affirmed.

———————————————————