# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3187
_____

United States of America

*Plaintiff - Appellee*

v.

Jonair Tyreece Moore, also known as HighC, also known as Spade

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Lincoln
_____

Submitted: April 17, 2020
Filed: June 24, 2020
_____

Before SMITH, Chief Judge, BENTON and KOBES, Circuit Judges.
_____

BENTON, Circuit Judge.

Jonair Tyreece Moore petitioned for a reduced sentence under section 404 of the First Step Act of 2018. The district court[1] denied the petition. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

A jury convicted Moore for conspiring to distribute 50 grams or more of cocaine base. The district court sentenced him to 292 months in prison. This court affirmed. *United States v. Moore*, 639 F.3d 443 (8th Cir. 2011). Moore later obtained a reduced sentence (235 months), due to a retroactive amendment to the Sentencing Guidelines.

Moore now seeks a reduced sentence under section 404 of the First Step Act, 132 Stat. 5194, 5222, codified as a statutory note to 21 U.S.C. § 841. Section 404 made retroactive the Fair Sentencing Act, 124 Stat. 2372, which increased the threshold for a mandatory minimum sentence for crack trafficking offenses. *See United States v. Williams*, 943 F.3d 841, 842-43 (8th Cir. 2019), *citing Dorsey v. United States*, 567 U.S. 260, 269 (2012).

The district court here decided against a reduced sentence for three reasons. First, the original sentencing judge attributed 11 kg of cocaine and 1.2 kg of cocaine base to Moore, a "considerable quantity of drugs." Second, that judge ruled that Moore obstructed justice by committing perjury. Third, that judge found credible that Moore used a firearm in furtherance of the drug conspiracy. *See United States v. Moore*, 412 F. Supp. 3d 1111, 1119 (D. Neb. 2019).

Moore argues that a district court—before deciding whether to impose a reduced sentence under the First Step Act—*must* consider the factors in 18 U.S.C. §

---

[1] The Honorable John M. Gerrard, Chief United States District Judge for the District of Nebraska.

3553(a). This court reviews *de novo* this question of statutory interpretation. ***Williams***, 943 F.3d at 843.

When reviewing a section 404 petition, a district court may, but need not, consider the section 3553 factors. *See **id.*** at 842 (district court applied section 3553 factors on a section 404 motion); ***United States v. Harris***, 2020 WL 3005779, at *2 (8th Cir. June 5, 2020) (same); ***United States v. Caffey***, 2020 WL 3027228, at *1 (8th Cir. June 5, 2020) (same); ***United States v. Sherman***, 2020 WL 2758697, at *3 (8th Cir. May 28, 2020) (same). *See also **United States v. Goolsby***, 2020 WL 2787705, at *1 (8th Cir. May 29, 2020) (applied section 3553(a)(2));***United States v. Banks***, 2020 WL 2761055 (8th Cir. May 28, 2020) (no explicit application of each section 3553 factor); ***United States v. Grant***, 2020 WL 2510401 (8th Cir. May 15, 2020) (same).

Section 404 is permissive. A district court "may" impose a reduced sentence. **First Step Act**, 132 Stat. at 5222. "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." ***Id.*** Further, it does not mention the section 3553 factors. When Congress intends to mandate consideration of the section 3553 factors, it says so. *Compare* **18 U.S.C. § 3582(c)(2)** (stating a court may impose a reduced sentence if the Sentencing Commission subsequently lowered the sentencing range, "after considering the factors set forth in section 3553(a) to the extent they are applicable"), *with* **18 U.S.C. § 3582(c)(1)(B)** (excluding section 3553 factors, and providing for courts to modify a term of imprisonment to the extent permitted by statute). In the First Step Act, Congress does not mandate that district courts analyze the section 3553 factors for a permissive reduction in sentence.

Moore contends that the term "impose" in section 404 requires analysis of the section 3553 factors. **First Step Act**, 132 Stat. at 5222 ("A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced

sentence . . . ."). "Impose" does not plainly mandate application of the section 3553 factors. *See **Busch Properties, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.***, 815 F.3d 1123, 1127 (8th Cir. 2016), *citing* **Black's Law Dictionary** (10th ed. 2014) (defining "impose" as "[t]o levy or exact (a tax or duty)"); ***McCleskey v. Kemp***, 481 U.S. 279, 307 (1987) (using "impose" to describe levy of death sentence, without reference to section 3553 factors). Moore points to two statutes that use "impose" and require analysis of the section 3553 factors: 18 U.S.C. §§ 3553(a) and 3582(a). But these statutes explicitly mandate that the court "shall consider" the section 3553 factors, so the words "impose" and "imposed" are coincidental with the mandate, not its cause. *See* **18 U.S.C. § 3553(a)** ("The court, in determining the particular sentence to be imposed, *shall consider* [the section 3553 factors].") (emphasis added); **18 U.S.C. § 3582(a)** ("The court, in determining whether to impose a term of imprisonment . . . . *shall consider* the factors set forth in section 3553(a) to the extent that they are applicable") (emphasis added).

Relatedly, Moore argues that section 404's first "imposed"—"A court that *imposed* a sentence"—and its second "impose"—"may . . . *impose* a reduced sentence"—must be interpreted alike. *See **Barber v. Thomas***, 560 U.S. 474, 483-84 (2010) (recognizing "presumption that a given term is used to mean the same thing throughout a statute") (citation omitted). The contexts here for the two "impose[s]" are different, however. *See **id.*** at 484 (ruling that presumption is "not absolute" and "yields readily to indications that the same phrase used in different parts of the same statute means different things," depending on the "context"). The first "imposed" refers to the district court's original, plenary sentencing. That proceeding, governed by 18 U.S.C. § 3582(a), mandates that a district court "shall consider the factors set forth in section 3553(a) . . . ." **18 U.S.C. § 3582(a)**. The second "impose" refers to the district court's review of a permissive, First Step Act petition. That proceeding, governed by 18 U.S.C. § 3582(c)(1)(B), does not mention the section 3553 factors. *See* **18 U.S.C. § 3582(c)(1)(B)** ("the court may modify an imposed term of

imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure").

Moore also emphasizes subsection 404(c) of the First Step Act, which precludes a successive petition if a previous petition was "denied after a complete review of the motion on the merits." **First Step Act**, 132 Stat. at 5222. He argues that a "complete review . . . on the merits" requires considering the section 3553 factors. The term "complete review" does not mandate considering the section 3553 factors. A "complete review of the motion" means that a district court "considered [petitioner's] arguments" in the motion and "had a reasoned basis for its decision." *See* **Williams**, 943 F.3d at 844. *See also* **United States v. Hardwick**, 802 Fed. Appx. 707, 710 (3d Cir. 2020) (remanding because district court failed to address petitioner's arguments for reduction in a sentence); **United States v. Lomas**, 799 Fed. Appx. 274, 275 (5th Cir. 2020) ("The record reflects that the district court gave due consideration to Lomas's motion and properly exercised its discretion to deny it."); **United States v. Houston**, 805 Fed. Appx. 546, 547 (9th Cir. 2020) ("[T]he district court was not required to consider the section 3553(a) factors here."); **United States v. Jones**, 2020 WL 3248113, at *11 (11th Cir. June 16, 2020) (stating district courts "may" consider section 3553 factors). *Cf.* **United States v. Shaw**, 957 F.3d 734, 741 & n.2 (7th Cir. 2020) ("nothing in the First Step Act precludes a court from utilizing § 3553(a)'s familiar framework when assessing a defendant's arguments; and doing so makes good sense. Familiarity fosters manageability . . . .") (citation omitted). *But see* **United States v. Chambers**, 956 F.3d 667, 674 (4th Cir. 2020) (mandating analysis of section 3553 factors); **United States v. Boulding**, 2020 WL 2832110, at *8 (6th Cir. June 1 2020) (same).

The district court conducted a complete review that considered Moore's arguments, which is reviewed for an abuse of discretion. *See* **United States v. McDonald**, 944 F.3d 769, 771 (8th Cir. 2019). In his motion for a reduced sentence under the First Step Act, Moore did not argue why the court should reduce his

sentence.  After focusing on why his offense was covered under the Act, he moved for consideration of the section 3553 factors, but the petition did not set out any information with respect to those factors.  After ruling that Moore's offense was covered by the Act, the district court reviewed Moore's original sentencing proceeding, and declined to reduce his sentence due to the quantity of drugs, his obstruction of justice, and his use of a firearm.  The district court considered Moore's arguments in the motion and had a reasoned basis for its decision.  *See **Williams***, 943 F.3d at 844.  It did not abuse its discretion.[2]

\* \* \* \* \* \* \*

The judgment is affirmed.

_____

[2] Moore also argues that the district court failed to address his post-sentencing rehabilitation.  But he did not raise post-sentencing rehabilitation facts in his First Step Act motion, so the court need not have addressed them.  ***Williams***, 943 F.3d at 844.