# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3651
_____

United States of America

*Plaintiff   Appellee*

v.

Jaktine Alphonso Moore, also known as Jak

*Defendant   Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: June 15, 2020
Filed: August 12, 2020
[Unpublished]

_____

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

In 2010, Jaktine Alphonso Moore was found guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. He was sentenced to life imprisonment, the statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(A), because he

previously had been convicted of two serious drug felony offenses. We affirmed Moore's sentence. United States v. Moore, 411 Fed App'x 922, 923 (8th Cir. 2011) (per curiam). The district court[1] granted Moore's July 2019 motion to reduce his sentence under section 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222, and imposed a sentence of 360 months' imprisonment. We affirm.

Moore argues that the district court did not adequately consider the 18 U.S.C. § 3553(a) sentencing factors because it "adjudicated Moore's motion without a hearing, oral argument, or documentary evidence." See Appellant's Br. 9. "A district court can conduct a complete review without a hearing," however. United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019); see also United States v. Moore, 963 F.3d 725, 728 (8th Cir. 2020) (explaining that review under section 404 means only that "a district court considered [petitioner's] arguments in the motion and had a reasoned basis for its decision" (alteration in original) (internal quotations and citation omitted)). The district court's order states that it had "carefully considered all the statutory sentencing factors," noting that Moore had participated in a drug education program and that the sentences of some of Moore's co-conspirators were lower than Moore's. See D. Ct. Order of Oct. 22, 2019, at 4-5. The court weighed those factors against the quantity of drugs attributed to Moore in the conspiracy, his obstruction of justice, his lengthy criminal history, and his possession of amphetamine while in prison. In light of these aspects of Moore's record, we conclude that the district court did not abuse its discretion in sentencing him to 360 months' imprisonment. See Williams, 943 F.3d at 843 (standard of review); United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) ("The district court's decision not to weigh mitigating factors as heavily as [a defendant] would have preferred does not justify reversal." (internal quotations and citation omitted)). The sentence not being substantively unreasonable, it is affirmed.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.