# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1196

_____

United States of America

*Plaintiff - Appellee*

v.

Troyce Allen Lewis

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: August 17, 2020
Filed: August 20, 2020
[Unpublished]

_____

Before ERICKSON, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

After considering a number of factors, the district court[1] decided not to reduce Troyce Lewis's 240-month prison sentence under the First Step Act. *See* Pub. L.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

No. 115-391, 132 Stat. 5194 (2018).  Though he challenges the decision on a host of grounds, we affirm.

On the merits, we conclude that the district court did not abuse its discretion. *See United States v. McDonald*, 944 F.3d 769, 771–72 (8th Cir. 2019) (discussing the standard of review and outlining the two-step analysis for motions under the First Step Act).  The First Step Act did not require the court to reduce Lewis's sentence, even if he was eligible.  § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").  And the court did its job by considering the statutory sentencing factors before making its decision.  *See* 18 U.S.C. § 3553(a).

We also conclude that Lewis's remaining arguments lack merit.  District courts are not required to hold a hearing on sentence-reduction motions, *see United States v. Williams*, 943 F.3d 841, 843–44 (8th Cir. 2019), and there has been no violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Nor was the new statutory-minimum sentence authorized by the First Step Act retroactively applicable to him.  *See* § 401(c), 132 Stat. at 5221.

We accordingly affirm the judgment of the district court and deny his pending motion as moot.

_____