# United States Court of Appeals

### For the Eighth Circuit

_____

No. 19-3173

_____

United States of America

*Plaintiff - Appellee*

v.

Lloyd D. Meeks

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: June 15, 2020
Filed: August 21, 2020

_____

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Lloyd D. Meeks petitioned the district court[1] to reduce his life sentence for conspiracy to distribute 50 grams or more of cocaine base and his 360-month

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

sentence for distributing five grams or more of cocaine base because of § 404 of the First Step Act. The court reduced Meeks's conspiracy life sentence to 360 months but left his distribution sentence unchanged. He appeals, arguing the court erred by not reducing his sentences below the Guidelines range, failing to recognize its discretion to vary, not considering 18 U.S.C. § 3553(a)'s factors, and failing to ensure he was represented by counsel. Finding no error, we affirm.

At Meeks's 2009 sentencing hearing, the district court accepted the presentence investigation report's conclusion that Meeks's base offense level was 36, with an additional two points assessed for possession of a firearm, yielding an adjusted offense level of 38. Then, based on his prior controlled substance convictions in 1994, 1998, and 2007, the court concluded that he qualified for the career offender enhancement. Meeks's criminal history category was VI because he had 19 criminal history points and because he was a career offender. Meeks's convictions and sentence were affirmed on direct appeal. *United States v. Meeks*, 639 F.3d 522 (8th Cir. 2011).

We review the district court's decision to grant or deny an authorized sentence reduction for an abuse of discretion. *United States v. McDonald*, 944 F.3d 769, 771 (8th Cir. 2019). Meeks argues that the district court erred by failing to understand the scope of its authority and discretion at Meeks's sentencing modification. Meeks Br. 18 (citing *United States v. Tabor*, 531 F.3d 688, 692 (8th Cir. 2008)). Meeks says the error occurred because the court's "analysis refers *exclusively* to the career offender guideline, and contains no reference to any other relevant factor in the case, such as the § 3553(a) factors." Meeks Br. 17 (emphasis in original).

Contrary to Meeks's assertion, the court did not fail to understand its authority and discretion. In its order, the court concluded Meeks was entitled to retroactive relief under the First Step Act. It then concluded that the Sentencing Guidelines recommended Meeks serve between 360 months and life in prison because of his total

offense level and criminal history, rather than the previous mandatory life sentence. The Guidelines range was driven, in part, by Meeks's status as a career offender. To the extent Meeks argues the district court erred by failing to consider the § 3553(a) factors during his First Step Act sentencing modification, he is mistaken. *United States v. Moore*, 963 F.3d 725, 727 (8th Cir. 2020) ("When reviewing a section 404 petition, a district court may, but need not, consider the section 3553 factors.").

Meeks next contends that the court failed to conduct a "complete review of [his] motion on the merits" as required by the First Step Act. Meeks Br. 20. "A complete review of the motion means that a district court considered [Meeks's] arguments in the motion and had a reasoned basis for its decision." *Moore*, 963 F.3d at 728 (citation omitted). In Meeks's motion for a reduced sentence, he advanced arguments regarding the applicability of the First Step Act to his sentence. D. Ct. Dkt. 226. Meeks then summarily asked the court to consider the § 3553(a) factors and his rehabilitative efforts, yet provided no argument or information with respect to those factors. The court concluded that the First Step Act applied, calculated Meeks's Guidelines range, and then reduced his conspiracy sentence from life to 360 months in prison, and reinstated his 360 month distribution sentence. The court considered Meeks's motion and had a reasoned basis for its decision. *See Moore*, 963 F.3d at 729 (finding a court conducted a complete review where defendant argued the First Step Act applied and provided no information for the court to consider with regard to § 3553(a) factors).

Meeks's final argument is that the court, by deciding his *pro se* motion, denied him his constitutional and statutory right to assistance of counsel. But, there is no Sixth Amendment right to "counsel in sentence modification proceedings under § 3582(c)." *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009).

Nor is there a statutory right. Meeks misconstrues the First Step Act and argues that because he was not previously sentenced under the now applicable

-3-

statutory scheme, it is as though he was being sentenced for the first time. Because this is a "new sentence," Meeks argues he is entitled to counsel under the Criminal Justice Act because it requires counsel be present at every stage of proceedings, including "ancillary matters appropriate to the proceedings." *See* 18 U.S.C. § 3006A(c). Section 404(b) of the First Step Act says "[a] court *that imposed* a sentenced for a covered offense may . . . *impose* a reduced sentence" as though the Fair Sentencing Act of 2010 was in effect at the time the offense was committed. First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 123 Stat. 5194, 5222 (emphasis added). As we observed in *Moore*, the first and second use of "impose" each refer to different proceedings: the first refers to "the district court's original, plenary sentencing" and the second "refers to the district court's review of a permissive, First Step Act petition." 963 F.3d at 728.

This distinction is fatal to Meeks's claim. A proceeding under § 3582(c)(2), which permits a district court to reduce a defendant's sentence following a change in the Sentencing Guidelines, is not an ancillary matter because it is "simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the guidelines." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *see also Harris*, 568 F.3d at 669. The proceeding is also not a "second opportunity to present mitigating factors to the sentencing judge." *Harris*, 568 F.3d at 669 (quoting *Whitebird*, 55 F3d at 1011). "[A]s a matter of common sense" a motion to modify a sentence, "which can be filed long after conviction, is too far removed to be considered ancillary to the criminal proceeding." *Whitebird*, 55 F.3d at 1011. So too, here. Section 404(b) grants district courts the discretion to reduce a defendant's sentence *after* it had already imposed an original sentence. Like § 3582(c)(2), § 3582(c)(1)(B) is "simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of" a change in law. *See Whitebird*, 55 F.3d at 1011. And as just discussed, district courts are not required to consider § 3553(a)'s factors, so it is also not a "second opportunity to present

mitigating factors to the sentencing judge." *Id.* at 1011; *Harris* 568 F.3d at 669. Finally, a § 404 sentencing modification is too far removed from the initial proceeding to be an ancillary matter.

Without a constitutional or statutory right to counsel, we review the court's decision to not appoint counsel for abuse of discretion. *Harris*, 568 F.3d at 669. In January 2019, the United States District Court for the Southern District of Iowa issued a standing administrative order directing the federal public defender's office to identify which defendants were eligible to file a resentencing motion under § 404 of the First Step Act. The public defender's office was authorized to move for relief under § 404 for any eligible defendant. Meeks filed a *pro se* motion to reduce his sentence in February 2019. D. Ct. Dkt. 226. Then in August 2019, Meeks sought a writ of mandamus from this court directing the district court to act on his motion. Once the district court was made aware of Meeks's request for mandamus, it acted on his motion in September. Though the Southern District of Iowa's standing administrative order permitted the public defender's office to represent eligible defendants, it was not an abuse of discretion for the court to act on Meeks's repeated requests to reduce his sentence.

Meeks's sentence is affirmed.

_____