# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-2106
_____

United States of America

*Plaintiff - Appellee*

v.

Edward Frank Brewer

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: February 16, 2021
Filed: February 19, 2021
[Unpublished]
_____

Before GRASZ, WOLLMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

After considering a number of factors, the district court[1] decided not to reduce Edward Brewer's 240-month prison sentence under the First Step Act. *See* Pub. L.

_____
[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

No. 115-391, 132 Stat. 5194 (2018). Though he challenges the decision on a host of grounds, we affirm.

We conclude that the district court did not abuse its discretion. *See United States v. McDonald*, 944 F.3d 769, 771–72 (8th Cir. 2019) (discussing the standard of review and outlining the two-step analysis for motions under the First Step Act). The First Step Act did not require the court to reduce Brewer's sentence, even if he was eligible. § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). And the court did more than enough by considering the statutory sentencing factors before making a decision. *See* 18 U.S.C. § 3553(a); *United States v. Moore*, 963 F.3d 725, 727 (8th Cir. 2020) (explaining that, in reviewing a First Step Act motion, "a district court may, but need not, consider the section 3553 factors").

Brewer's remaining arguments fare no better. He was not entitled to a plenary resentencing hearing, nor can he now challenge his original sentence. *See Moore*, 963 F.3d at 728 (explaining how motions under the First Step Act are different from "original, plenary sentencing" proceedings); *United States v. Williams*, 943 F.3d 841, 843–44 (8th Cir. 2019) (holding that district courts need not hold hearings on these motions); *see also United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020) (refusing to entertain an attack on the original sentence in one of these motions). Moreover, given "the court's otherwise careful analysis," any "minor factual misstatement" about Brewer's criminal history does not "warrant[] remand." *United States v. Moore*, 975 F.3d 84, 93 (2d Cir. 2020).

We accordingly affirm the judgment of the district court, grant counsel permission to withdraw, and deny Brewer's pending pro se motions.

_____