# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-3704

———————————————

United States of America

*Plaintiff - Appellee*

v.

Hosa R. Howard, also known as Pee Wee

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

——————————

Submitted: October 19, 2020
Filed: March 10, 2021
[Published]

——————————

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

——————————

PER CURIAM.

In anticipation of a large volume of litigation under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, the Southern District of Iowa, on January 17, 2019, issued Administrative Order 19-AO-1-P appointing the Office of the Federal Public Defender (FPD) to represent indigent criminal defendants who may be eligible for resentencing under the statute. The order states that the appointment is

"in the interest of justice and the orderly disposition of these cases" and it authorizes the FPD to "present any petition, motion, or application for such relief to the Court for disposition" in First Step Act cases. Among other changes, the First Step Act made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, which increased the quantities of crack cocaine required to trigger some mandatory minimum sentences. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. McDonald, 944 F.3d 769, 771 (8th Cir. 2019).

Hosa Howard was convicted in 2008 of conspiring to manufacture, distribute, and possess 50 grams of cocaine base, often referred to as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846 (2006). The district court sentenced him to 292 months' imprisonment and ten years of supervised release. He filed a pro se motion for sentencing relief under the First Step Act on January 2, 2019 and requested that counsel be appointed. On December 2, 2019, the district court denied the motion, reasoning that because Howard is a career offender his advisory Guidelines range did not change under the First Step Act. The next day, the FPD filed a motion asking the district court to reconsider its ruling because it had not yet had a chance to examine Howard's case and file a supplemental brief on his behalf. The district court denied the motion for reconsideration. Howard, represented by counsel, now appeals.

In denying both Howard's pro se motion for a sentence reduction and his counseled motion for reconsideration, the district court did not specifically address whether Howard is eligible for relief under the First Step Act. See McDonald, 944 F.3d at 772 (explaining that under § 404 of the First Step Act a court must first determine "whether the defendant is eligible for relief" and if so, only then proceed to "decide, in its discretion, whether to grant a reduction"). But the parties now agree that he is.

In deciding whether to exercise its discretion to grant a reduction to an eligible defendant, a district court "may, but need not, consider the [18 U.S.C. §] 3553

factors." United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020) (citing United States v. Williams, 973 F.3d 841, 842 (8th Cir. 2019)). The statute provides for "a complete review of the motion on the merits," Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222, which means that the district court "considered petitioner's arguments" and "had a reasoned basis for its decision." Moore, 963 F.3d at 728 (cleaned up). As the district court noted, Howard offered "no arguments" in his pro se filing. Although counsel was appointed approximately two weeks after he filed the pro se motion, the district court nonetheless denied the motion before counsel filed any supplemental brief on Howard's behalf. Thus, while the district court offered a basis for its decision, it did not consider any arguments from either party. Under these circumstances, we conclude we are unable to conduct meaningful appellate review of the district court's order. See United States v. Booker, 974 F.3d 869, 871 (8th Cir. 2020) ("[T]he standard for appellate review is whether the sentencing judge 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'") (quoting Rita v. United States, 551 U.S. 338, 356 (2007)).

We reverse the denial of Howard's motion for reconsideration and remand to the district court for further proceedings.

_____