# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-1649

———————————————

United States of America

*Plaintiff - Appellee*

v.

Donnell Barrow

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————————

Submitted: February 15, 2021
Filed: March 12, 2021
[Unpublished]

——————————

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

——————————

PER CURIAM.

In February 2001, Donnell Barrow was convicted of possession with intent to distribute at least five grams of cocaine base (crack cocaine) after a previous felony conviction in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 851. At sentencing, the district court determined that Barrow's advisory guidelines sentencing range as a career offender was 360 months to life imprisonment, based on 19.26 grams of

crack cocaine attributed to his offense, and sentenced him to 360 months imprisonment and eight years of supervised release. In 2008, 2012, and 2015, the court denied Barrow's motions for a sentence reduction based on retroactive sentencing guidelines changes that the court determined did not affect his case.

In May 2019, Barrow filed a motion for sentence reduction pursuant to Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). Section 404(b) provides that, if the statutory penalty for an offense was modified by section 2 or 3 of the Fair Sentencing Act of 2010, the district court may "impose a reduced sentence as if sections 2 and 3 . . . were in effect at the time the covered offense was committed." The district court[1] determined that Barrow was eligible for First Step Act relief because the Fair Sentencing Act reduced his statutory penalty range to zero to thirty years. It further noted that his current guidelines sentencing range as a career offender would be 262 to 327 months imprisonment had he been sentenced under the Fair Sentencing Act. Exercising its First Step Act discretion, the court reduced Barrow's term of supervised release from eight to six years but declined to reduce the originally imposed 360-month term of imprisonment:

> Defendant's offense conduct giving rise to the instant offense, his criminal history, his prior history while on correctional supervision, and his conduct while a BOP inmate causes the court to conclude that the sentence that is sufficient but not greater than necessary to achieve the goals of sentencing is the originally imposed 360-month term of incarceration. Defendant was a significant crack cocaine dealer who is classified as a career offender. . . . [D]efendant's view that his [medical] condition was not properly cared for [by BOP] does not justify his persistent noncompliant behavior. Defendant has shown a persistent refusal to comply with rules in a restrictive environment and is likely to reoffend when released from prison.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

On appeal, Barrow first argues the district court "erred . . . by failing to grant him any sentencing reduction at all." We disagree. Section 404(c) expressly provides: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." See United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020). He further argues the district court failed to appropriately consider all relevant factors because "it is error for a district court not to consider and address" the § 3553(a) sentencing factors and post-sentencing rehabilitation raised in his First Step Act motion. Again, we disagree. The First Step Act permits but "does not mandate that district courts analyze the section 3553 factors for a permissive reduction in sentence." United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020). Moreover, the court "need not respond to every argument made by defendant or recite each section 3553 factor." United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019).

We review the district court's First Step Act order for abuse of discretion. Our task is to determine whether the sentencing judge "set forth enough to satisfy the appellate court that [she] has considered the parties' arguments and has a reasoned basis for exercising [her] own legal decisionmaking authority." United States v. Booker, 974 F.3d 869, 871 (8th Cir. 2020), quoting Rita v. United States, 551 U.S. 338, 356 (2007). Here, the record establishes that, in exercising its discretion, the district court considered Barrow's arguments, expressly discussing his claim of inadequate medical care and reducing his term of supervised release. The court gave a reasoned basis for denying a reduced term of imprisonment. Barrow's contention the court imposed an "upward variance" when it declined to reduce a sentence above the top of his modified guidelines range under the Fair Sentencing Act misconstrues the nature of a discretionary sentence reduction under the First Step Act.

The Order of the district court dated March 16, 2020, is affirmed.

_____

-3-