# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1789
_____

United States of America

*Plaintiff - Appellee*

v.

Maurice Jerome McDonald

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: September 20, 2021
Filed: March 15, 2022
[Unpublished]

_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Maurice Jerome McDonald appeals from the district court's[1] denial of his motion for a sentence reduction under the First Step Act of 2018 after this court's remand in *United States v. McDonald*, 944 F.3d 769 (8th Cir. 2019). This court

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

determined McDonald was eligible for relief based on his statute of conviction. *Id.* at 772. Nevertheless, we instructed the district court to exercise its discretion whether to grant a reduction of the sentence. *Id.* The district court denied relief. We affirm.

McDonald, one of fifty-four people listed in a sixty-seven-count indictment for participating in a conspiracy to distribute cocaine and other drugs over the course of four years, was convicted for distributing cocaine base and related crimes in 1999. The district court sentenced McDonald to life imprisonment in accordance with the statutory penalty and the United States Sentencing Guidelines Manual ("Guidelines") recommendation at the time of the offense.[2]  21 U.S.C. § 841(b)(1)(A)(iii) (1996). Subsequently, an amendment to the Guidelines reduced McDonald's Guidelines range to 360 months to life imprisonment. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. supp. to app. C amend. 782; U.S.S.G. ch. 5, pt. A (2014). Upon McDonald's motion, the district court resentenced McDonald to 360 months of imprisonment in 2016. Thereafter, the First Step Act made section 2 of the Fair Sentencing Act retroactive, reducing the statutory range for McDonald's conviction to between 5 and 40 years. 21 U.S.C. § 841(b)(1)(B)(iii) (2012). Again, McDonald sought a reduction in his sentence. While the district court initially found McDonald ineligible for First Step Act relief, on remand the district court determined, despite eligibility, a reduced sentence was not warranted.

McDonald argues the district court abused its discretion when denying the requested reduction in sentence. Specifically, McDonald contends the district court failed to properly calculate the amended Guidelines range based on his arguments and the facts of the case. He also contends the district court failed to adequately

---

[2]McDonald previously appealed his sentence as to four counts of conviction. This court affirmed the life sentence as to one count and vacated his sentences as to three counts. *See United States v. Nicholson*, 231 F.3d 445, 456 (8th Cir. 2000). The district court resentenced McDonald to lesser terms on each of the latter three counts—concurrent terms of 20, 5, and 10 years, respectively.

justify denying his requested reduction by failing to properly weigh his post-sentencing conduct. Lastly, McDonald argues the district court failed to consider reducing his post-incarceration term of supervised release.

Because this court had already determined McDonald's eligibility under the First Step Act for a reduction of his sentence, the district court needed only to exercise its discretion in deciding whether to grant such reduction. *See McDonald*, 944 F.3d at 772. Indeed, "the First Step Act expressly disclaims any requirement to reduce a sentence." *United States v. Black*, 992 F.3d 703, 704 (8th Cir. 2021) (citing First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222). We review the district court's decision whether to grant a reduction in the sentence for an abuse of discretion. *Id.*

Upon remand, the district court addressed its discretion under the First Step Act, plainly stating the decision not to exercise its discretion under the First Step Act in this case. The district court was uniquely positioned to consider the many factors necessary in exercising its ultimate discretion because it had reviewed McDonald's conduct and evaluated his sentencing on multiple occasions. Additionally, the district court acknowledged McDonald's arguments[3] and weighed the factors for and against a reduction. Specifically, the district court emphasized McDonald managed an "extremely large-scale drug trafficking operation" spanning several states and trafficked several different illegal drugs while also possessing a firearm. Furthermore, although it did so in this case, the district court is not required to analyze the 18 U.S.C. § 3553(a) factors when exercising its discretion to grant or

---

[3]While McDonald contends the district court failed to explicitly respond to all of his arguments, "the district court 'need not respond to every argument made by defendant[.]'" *United States v. Williams*, 18 F.4th 577, 580 (8th Cir. 2021) (quoting *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019)); *see also United States v. Harris*, No. 20-3264, 2021 WL 5272693, at *3 (8th Cir. Nov. 12, 2021) (unpublished) ("[T]he district court committed no error in not explicitly addressing [the defendant's] supervised release" because it was part of reviewing his total sentence.).

deny relief under the First Step Act. *United States v. Moore*, 963 F.3d 725, 727–28 (8th Cir. 2020). The district court's order evinces a complete review by describing McDonald's arguments and providing a reasoned basis for declining to reduce the sentence. The district court did not abuse its discretion.

Accordingly, we affirm the judgment.

KELLY, Circuit Judge, dissenting.

Maurice McDonald is eligible for a reduced sentence under the First Step Act. See United States v. McDonald, 944 F.3d 769, 772 (8th Cir. 2019). On this, everyone agrees. But the district court denied his motion for a sentence reduction, stating:

> After considering the briefs, the presentence report, and rereading the transcripts, the Court does not believe that a sentence reduction (which would result in a below-guideline sentence) is warranted. Defendant was the manager of an extremely large-scale drug trafficking operation (which included the possession of firearms) that stretched from California to Arkansas. The Court finds that the current 360-month sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public from further crimes by Defendant.

In denying the motion, the district court relied entirely on the offense conduct and provided no reason for discounting McDonald's evidence of rehabilitation. And there was no explanation as to why, in light of the Fair Sentencing Act, First Step Act, and the evidence submitted, a 30-year sentence is still necessary to fulfill the purposes of sentencing. See 18 U.S.C. § 3553(a).

To resolve McDonald's motion, the district court did not need to issue a "specific rejoinder" to each argument he raised, United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008), and was not required to consider all of the § 3553(a) sentencing

-4-

factors, see United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020). But see United States v. Boulding, 960 F.3d 774, 784 (6th Cir. 2020) ("[T]he language of § 404 [of the First Step Act] . . . stand[s] for the proposition that the necessary review—at a minimum—includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors."); see also id. ("While district courts have wide discretion in the First Step Act context, the resentencing decision must be . . . supported by a sufficiently compelling justification."). The district court was, however, required to conduct a "complete review" of McDonald's motion, Moore, 963 F.3d at 728, and to "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007); see also United States v. Holder, 981 F.3d 647, 650 (8th Cir. 2020) (applying this aspect of Rita to the First Step Act). In my view, that standard was not met in this case.

As a threshold matter, the Fair Sentencing Act shows that McDonald's sentence—imposed under an earlier version of the Controlled Substances Act—is not necessarily aligned with the seriousness of the offense, as McDonald's crime of conviction now results in a lower statutory sentencing range. See McDonald, 944 F.3d at 771–72 (citing 21 U.S.C. § 841(b)(1)(B)(iii) (2012)). Under the First Step Act, those lower sentences may be applied retroactively. United States v. White, 984 F.3d 76, 90 (D.C. Cir. 2020) ("[T]he Fair Sentencing Act and First Step Act, together, are strong remedial statutes, meant to rectify disproportionate and racially disparate sentencing penalties."); see also United States v. Lawrence, 1 F.4th 40, 42 (D.C. Cir. 2021) ("Among other unjust effects, th[e previous] punishment scheme particularly affected Black defendants, who constituted the large majority of defendants convicted of crack offenses and sentenced to disproportionately long prison terms."). Here, post-First Step Act, we have no explanation why McDonald's 360-month sentence remains not greater than necessary to afford adequate deterrence, protect the public from further crimes, and promote respect for the law— except by reference to the conduct he was found guilty of 23 years ago. Where

Congress has indicated that what constitutes just punishment for drug crimes has changed, a denial that relies solely on McDonald's offense conduct—and wholly disregards evidence of his rehabilitation and post-sentencing conduct—does not seem to provide a well-reasoned basis.

True, this court has found that a district court did not abuse its discretion by only implicitly considering rehabilitation in its discretionary analysis. See, e.g., United States v. Banks, 960 F.3d 982, 985 (8th Cir. 2020) ("If Banks had presented unusually strong evidence of rehabilitation, then the court may well have addressed it explicitly."); United States v. Sherman, 960 F.3d 978, 982 (8th Cir. 2020) ("The court here implicitly rejected Sherman's argument that mitigating factors warranted a sentence reduction. That approach was understandable, for Sherman's brief on the motion said little about rehabilitative efforts. He asserted that he has been a 'model prisoner,' with only one disciplinary infraction, but did not elaborate. His own exhibit reflected 'GED progress unsatisfactory.'"). But unlike those cases, McDonald submitted extensive evidence of rehabilitation and maturity—evidence that could change a court's view of the current import of decades-old offense conduct.

McDonald has been in federal custody since August 13, 1998, when he was arrested at age 27. He is now almost 51 years old. During his more than 20 years in prison, McDonald has incurred only four disciplinary infractions, including unauthorized use of the mail, possession of a cell phone, possession of a hazardous tool, and possession of an unauthorized item. As McDonald points out, two of these infractions were minor. All were non-violent.

The supporting documents illustrate extensive personal development, as well. McDonald has completed numerous vocational, educational, and personal betterment courses, including an apprenticeship program. When McDonald was transferred to FCI Estill in Estill, South Carolina, he became involved in an inmate-led think tank created in response to the First Step Act's requirement for federal

prisons to identify and implement evidence-based programs and practices. The think tank established a resource center that provides career, re-entry, and educational resources, and a wellness center that provides convenient access to health and wellness resources. The group was also integral to bringing the Alternatives to Violence Program (AVP) to FCI Estill. Through AVP, McDonald completed Basic Training in Nonviolent Conflict Resolution, an intensive, experiential workshop. The staff psychologist at FCI Estill, who worked with the think tank, submitted a letter in support of McDonald's motion and indicated that McDonald planned to complete the advanced and facilitator workshops with AVP when able. In 2019, McDonald was awarded the President's Volunteer Service Award by the Corporation for National and Community Service.

McDonald's resume lists additional contributions. He first started working through UNICOR in 2000 and has been employed off and on through UNICOR in various positions since, as well as periods working as a tutor, administrative clerk, and yoga instructor. One of McDonald's UNICOR supervisors, who is currently an Operations Manager for UNICOR Office Furniture at FCI Forrest City, submitted a letter in support of McDonald's motion, lauding his work ethic, professionalism, and attitude. The supervisor states he first worked with McDonald in 2009, when McDonald started as a furniture builder's helper, and McDonald was quickly promoted multiple times. The supervisor explains that he did not hesitate to re-hire McDonald as a clerk when he became available in 2019. The Complex Supervisor of Recreation at FCC Forrest City also submitted a supportive letter, stating that McDonald has a positive influence on the facility. Letters from McDonald's fellow inmates further show his positive influence on the prison environment.

Outside the prison setting, McDonald has the support of family and friends. Letters from McDonald's children illustrate that he has built and maintained strong relationships over his more than two decades in the federal prison system. McDonald's children express their desire for their father to be close to his

grandchildren as well. McDonald submitted a thoughtful written statement that reflects a maturity developed in the years since his offense conduct.[4]

The government presented no evidence in opposition to McDonald's motion. And while the district court did consider the § 3553(a) factors, see Moore, 963 F.3d at 727, it merely acknowledged McDonald's post-sentencing conduct and characteristics without factoring them—one way or another—into its analysis, see United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019) ("A district court '*may* consider evidence of a defendant's postsentencing rehabilitation at resentencing.'" (quoting Pepper v. United States, 562 U.S. 476, 504 (2011)); see also White, 984 F.3d at 90–91 ("We strongly concur in the court's holding that 'the district court is authorized to consider post-sentencing conduct.' . . . In a case with a record of this complexity, we think it is especially important that the District Court consider the section 3553(a) sentencing factors[.]" (cleaned up) (quoting United States v. Hudson, 967 F.3d 605, 613 (7th Cir. 2020))). Given McDonald's extensive evidence, I am not satisfied that the district court made a complete review of McDonald's motion and expressed a well-reasoned basis for its decision. See United States v. Hoskins, 973 F.3d 918, 921 (8th Cir. 2020).

I recognize this court has repeatedly recited the rule that it "presume[s] that a district court has considered the arguments raised by the defendant." See, e.g., United States v. Stallings, 2 F.4th 763, 765 (8th Cir. 2021) (quoting Banks, 960 F.3d at 985). And granting district courts flexibility to resolve motions concisely if they include numerous non-meritorious or superficial arguments is logical, so long as the district court sets forth enough to convince us that it reached a reasoned decision.

---

[4]Even without the evidence of rehabilitation, McDonald is now at a lower risk of recidivism upon release simply due to his age. See U.S. Sentencing Comm'n, The Effects of Aging on Recidivism Among Federal Offenders (2017), https://www.ussc.gov/research/research-reports/effects-aging-recidivism-among-federal-offenders. Indeed, the BOP has expressly designated McDonald as an inmate with a low risk of recidivism.

United States v. Booker, 974 F.3d 869, 871 (8th Cir. 2020) ("[T]he standard for appellate review is whether the sentencing judge 'set forth enough to satisfy the appellate court that [they have] considered the parties' arguments and [have] a reasoned basis for exercising [their] own legal decisionmaking authority.'" (quoting Rita, 551 U.S. at 356)). But what may be a reasonable mechanism to increase judicial efficiency based on the facts of a given case should not devolve into a nearly guaranteed affirmance regardless of the brevity of the rationale or the weight of a defendant's argument. Section 404 of the First Step Act is permissive, and our review is deferential, and for good reason. But here, McDonald presented meaningful evidence of post-sentencing rehabilitation and maturity worthy of consideration in the discretionary analysis. By not addressing this evidence, the district court failed to conduct a "complete review" of the motion, and I would remand the case for further proceedings.

_____