**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2681
_____

UNITED STATES OF AMERICA

v.

JUAN JARMON, also known as J, also known as Yizzo,
                                                          Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:17-cr-00072-001)
District Judge: Honorable Paul S. Diamond
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on December 19, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: January 7, 2025)
_____

---

OPINION[*]

---

PER CURIAM

In 2019, the District Court sentenced Juan Jarmon to 360 months in prison after a jury found him guilty of a host of drug-related offenses. That sentence was at the bottom of his advisory Sentencing Guidelines range—a range that was based on a total offense level of 40 and a criminal-history category of VI.

In August 2024, Jarmon submitted a pro se letter to the District Court, asking that the letter be construed "as a motion if I'm eligible for relief [under Guidelines Amendment 821]," and seeking appointment of counsel if he was indeed eligible. Dist. Ct. Dkt. No. 710. Later that month, the District Court denied this letter-motion. The District Court explained that Jarmon was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because Amendment 821 had no effect on his sentence, and that counsel appointment was not warranted. Jarmon then filed this appeal,[1] and the Government has since timely moved to summarily affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de novo the District Court's determination that Jarmon was not eligible for a sentence reduction. *See United States v. Rivera-Cruz*, 904 F.3d 324, 327 (3d Cir. 2018). And we review the District Court's denial of his request for counsel for abuse of discretion. *See, e.g., United States v. Meeks*, 971 F.3d 830, 833–34 (8th Cir. 2020); *United States v. Webb*, 565 F.3d 789, 795 n.4 (11th Cir. 2009) (per curiam); *cf. Tabron v. Grace*, 6 F.3d 147, 155 n.4 (3d Cir. 1993) (noting that a district court has "broad discretion" to appoint counsel for an indigent litigant under 28 U.S.C. § 1915).

The Government's motion is granted. Amendment 821, which took effect on November 1, 2023, *United States v. Stimpson*, 113 F.4th 350, 354 n.5 (3d Cir. 2024), "applies retroactively and alters how so-called 'status points' are used to calculate a defendant's criminal history category," *United States v. Bonds*, 121 F.4th 1129, 1130 (7th Cir. 2024) (per curiam). But as the District Court explained, Jarmon's criminal-history category of VI was based not on status points, but rather on his designation as a career offender under the Guidelines. Accordingly, Jarmon is not eligible for a sentence reduction, and appointment of counsel in the District Court was not warranted. Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. *See* 3d Cir. I.O.P. 10.6.[2]

---

[2] Jarmon's motion for appointment of counsel on appeal is denied, as is his "Motion for Partial Summary Judgement [sic]."