20-625
United States v. Moyhernandez

United States Court of Appeals
for the Second Circuit

AUGUST TERM 2020
No. 20-625


UNITED STATES OF AMERICA,
Appellee,


v.


JOSE MOYHERNANDEZ, AKA YINDO,
Defendant-Appellant.


ARGUED: MARCH 19, 2021
DECIDED: JULY 15, 2021

Before:     JACOBS, POOLER, PARK, Circuit Judges.

Jose Moyhernandez appeals from an order of the United States District

Court for the Southern District of New York (Preska, J.) denying a motion for

reduced sentence under § 404 of the First Step Act.  On appeal, Moyhernandez

argues that the district court (1) was required to consider the factors set forth in

18 U.S.C. § 3553(a) and failed to do so, (2) abused its discretion in declining to

reduce his 360-month prison sentence and his ten-year term of supervised

release, and (3) misapprehended his eligibility for a sentence reduction and its own authority to reduce it. Affirmed.

Judge Pooler dissents in a separate opinion.

_____

> KEDAR BHATIA (Anna M. Skotko, on the brief), for AUDREY STRAUSS, United States Attorney for the Southern District of New York, New York, NY, for Appellee United States of America.
>
> DARRELL FIELDS, Federal Defenders of New York, Inc., New York, NY, for Defendant-Appellant Jose Moyhernandez.

DENNIS JACOBS, Circuit Judge:

Jose Moyhernandez appeals from an order of the United States District Court for the Southern District of New York (Preska, J.) denying a motion for reduced sentence under § 404 of the First Step Act.

Moyhernandez was convicted in 2000 on charges including conspiracy to distribute, and to possess with intent to distribute, more than 50 grams of cocaine base. Based on Moyhernandez's status as a career offender, the district court (Mukasey, J.) sentenced Moyhernandez to 360 months' imprisonment--the bottom of his Guidelines range--plus a ten-year term of supervised release.

In 2019, Moyhernandez moved for a sentence reduction pursuant to § 404 of the First Step Act, which empowers district courts to apply retroactively the reduced penalties for crack-cocaine offenses set out in the Fair Sentencing Act of 2010. Judge Preska concluded that Moyhernandez was eligible for a reduced sentence but exercised her discretion to withhold a reduction. The district court reasoned that Moyhernandez remained a career offender and had a lengthy criminal history. As to the term of supervised release, the district court added that Moyhernandez will be deported on release from custody.

In reaching its decision, the district court stated that it was not required to consider the 18 U.S.C. § 3553(a) factors. We agree, and conclude that consideration of the § 3553(a) factors is not required on review of a motion brought pursuant to § 404 of the First Step Act--though it is certainly permitted. We further conclude that the district court did not abuse its discretion in declining to reduce Moyhernandez's sentence and properly understood both Moyhernandez's eligibility for a sentence reduction and its own authority to grant one. Accordingly, we affirm.

## BACKGROUND

### A.    Conviction and Sentencing

In 1996, Jose Moyhernandez sold (to a confidential informant) about 90 grams of crack cocaine and a semi-automatic pistol.  In 2000, a jury convicted Moyhernandez of (1) conspiracy to distribute, and to possess with intent to distribute, more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846; and (2) possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  At the time, because Moyhernandez had a prior drug-felony conviction, the crack-cocaine conviction carried a mandatory minimum prison sentence of 20 years.[1]  See 21 U.S.C. §§ 846, 841(b)(1)(A)(iii) (2000), amended by Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; see also United States v. Johnson, 961 F.3d 181, 184 (2d Cir. 2020) (explaining the sentencing scheme in place at the time).

Under the U.S. Sentencing Guidelines, Moyhernandez was a "career offender."  That is, (1) he was at least eighteen years old when he committed the crack-cocaine offense; (2) the offense was a controlled-substance felony; and (3) he had at least two prior convictions for controlled-substance felonies.  U.S.

---

[1] Absent a prior drug-felony conviction, the mandatory minimum sentence was ten years.  United States v. Johnson, 961 F.3d 181, 184 (2d Cir. 2020).

4

Sent'g Guidelines Manual § 4B1.1(a) (U.S. Sent'g Comm'n 1998). Two previous convictions in Massachusetts were for felonies involving cocaine. Additional previous convictions in New York and Massachusetts included controlled-substance offenses.

Because Moyhernandez was a career offender, his Guidelines range was 360 months to life. At the 2000 sentencing, Judge Mukasey conceded that 30 years' imprisonment was harsh. However, the Guidelines were then mandatory. See United States v. Booker, 543 U.S. 220, 233–34 (2005). Notwithstanding his reluctance, Judge Mukasey identified "indicia of substantial involvement way beyond simply being a street dealer," as well as Moyhernandez's admission to "moving substantial quantities." App. at 39–40. Moyhernandez was sentenced to 120 months on the firearm count, to run concurrently with the 360-month sentence, and ten years of supervised release. On appeal, the conviction and sentence were affirmed. See United States v. Moyhernandez, 17 F. App'x 62, 65–66, 72 (2d Cir. 2001) (summary order). Moyhernandez, who was 35 years old at sentencing in 2000, is now 56. Because he is a citizen of the Dominican Republic and is without immigration status in the United States, he will be removed upon his release.

**B.** **The Fair Sentencing Act and the First Step Act**

The Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372, enacted in 2010, "altered the threshold drug quantities that trigger the varying penalty ranges for crack cocaine offenses." United States v. Holloway, 956 F.3d 660, 662 (2d Cir. 2020). Section 2 of that Act increased, from 50 grams to 280 grams, the quantity of crack cocaine necessary to trigger the 20-year mandatory minimum imposed on prior drug offenders. § 2(a)(1), 124 Stat. at 2372; see 21 U.S.C. § 841(b)(1)(A)(iii). Moyhernandez's 90 grams falls below the new threshold.

While district courts generally cannot modify prison sentences, they "may modify an imposed term of imprisonment to the extent . . . expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). The First Step Act, enacted in 2018, confers that statutory authority.[2] Pub. L. No. 115-391, 132 Stat. 5194; Holloway, 956 F.3d at 666. Section 404(b) of the First Step Act makes the Fair Sentencing Act retroactive: "A court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of

---

[2] The First Step Act also amended 21 U.S.C. § 841(b)(1)(A) by lowering the mandatory minimum for prior drug offenders to 15 years and adding the requirement that, in order to trigger this mandatory minimum, the prior drug felony must be "serious." Pub. L. No. 115-391, § 401(a)(2), 132 Stat. 5194, 5220.

the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222 (citation omitted). A "covered offense" is "a violation of a [f]ederal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. § 404(a) (citation omitted).

The First Step Act, in § 404(c), precludes review of a motion to reduce a sentence if the sentence already conforms with the Fair Sentencing Act, or if a reduction under the First Step Act was previously denied. Id. § 404(c). Otherwise, if a defendant is eligible for a sentence reduction--that is, if he was sentenced for a "covered offense," Holloway, 956 F.3d at 664--then a district court may, in its discretion, reduce the sentence, United States v. Moore, 975 F.3d 84, 87 (2d Cir. 2020).

### C.     First Step Act Motion and Appeal

In August 2019, by which time the case had been reassigned to Judge Preska, Moyhernandez moved for a reduced sentence pursuant to the First Step Act. His letter brief argued that he was eligible because he was sentenced for a "covered offense," and that the district court should exercise its discretion to

7

reduce his sentence to time served. In particular, Moyhernandez argued that 18

U.S.C. § 3553(a), which sets forth "factors to be considered in imposing a

sentence," militated in favor of a sentence reduction:

> Judge Mukasey made clear at the time of sentencing nearly two decades ago that if the guidelines were not mandatory, he would have exercised his discretion under § 3553(a) to impose a sentence lower than 30 years. The First Step Act now gives that discretion to Your Honor. . . . No statutory purpose would be served by additional incarceration.

App. at 26; see § 3553(a). The § 3553(a) factors are set out in the margin.[3]

---

[3]  (1) [T]he nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established [by the Sentencing Guidelines];
(5) any pertinent [Sentencing Commission] policy statement[;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

§ 3553(a).

Judge Preska denied the motion. See United States v. Moyhernandez, No. 97-CR-197, 2020 WL 728780, at *2 (S.D.N.Y. Feb. 13, 2020). The district court first determined that Moyhernandez was eligible for a sentence reduction because he was sentenced for a "covered offense," and the § 404(c) limitations were inapplicable. Id. at *1. Then the court exercised its discretion to decline to reduce the sentence. The court reasoned that Moyhernandez "had a lengthy criminal record" and that the First Step Act "did not change the applicability of the career-offender designation." Id. at *2. Since Moyhernandez's Guidelines range remained unchanged, and he was "sentenced . . . to the minimum of this range in 2000," the court declined to "adjust that sentence now." Id. The court also declined to reduce Moyhernandez's term of supervised release, reasoning that Moyhernandez "is to be deported upon release from custody." Id.

In reaching its decision, the court ruled that "there is no mandate to consider [the] § 3553(a) factors when reducing a sentence under [the First Step Act]." Id.

After Moyhernandez filed his notice of appeal, the district court issued Form "AO 247," headed "Order Regarding Motion for Sentence Reduction

9

Pursuant to First Step Act and 18 U.S.C. § 3582(c)(2)."[4] App. at 64. This check-mark form included boilerplate language indicating that the court had considered, inter alia, "the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." Id.

On appeal, Moyhernandez argues primarily that the district court was required to consider the § 3553(a) factors in deciding whether to grant a sentence reduction pursuant to the First Step Act and failed to do so (Point I below), and that the district court abused its discretion in declining to reduce his 360-month prison sentence and ten-year term of supervised release (Point II). Moyhernandez quibbles with the analysis the district court used to conclude that he was eligible for a sentence reduction, and claims that Form AO 247 reflects the court's misapprehension as to its authority under the First Step Act (Point III).

---

[4] 18 U.S.C. § 3582(c)(2)--inapplicable here--permits a reduction in sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," § 3582(c)(2), "*i.e.*, [when there has been] a change to the Sentencing Guidelines," Holloway, 956 F.3d at 665.

## STANDARD OF REVIEW

The denial of a motion for a sentence reduction under the First Step Act is generally reviewed for abuse of discretion. Holloway, 956 F.3d at 664. However, when the decision is premised on statutory interpretation, we review de novo. Id.

The government contends that Moyhernandez failed to preserve his argument that consideration of the § 3553(a) factors was required, and that we should therefore review for plain error. See Moore, 975 F.3d at 90 (2d Cir.)[5] (reviewing for plain error when, in challenging the denial of his motion under the First Step Act, the defendant raised an argument for the first time on appeal). We disagree. In his letter brief, Moyhernandez asked the district court to exercise its discretion under § 3553(a) and argued that continued incarceration would serve "[n]o statutory purpose." App. at 26. The district court thus understood Moyhernandez to be requesting an application of the § 3553(a) factors. Moyhernandez's briefing and the district court's explicit ruling suffice to preserve the issue for review. See United States v. Harrell, 268 F.3d 141, 146 (2d Cir. 2001) ("An issue is reviewable on appeal only if it was 'pressed or passed

---

[5] Because we also cite United States v. Moore, 963 F.3d 725 (8th Cir. 2020), short-form citations to both cases will specify the circuit.

11

upon below.'" (quoting <u>United States v. Williams</u>, 504 U.S. 36, 41 (1992))); <u>United States v. Price</u>, 458 F.3d 202, 206 (3d Cir. 2006) ("The purpose of requiring contemporaneous objection . . . for full appellate review is to ensure that the trial court has an opportunity to consider and rule on disputed questions of law. When an issue has been raised, and a ruling made, that purpose is served.").

## DISCUSSION

### I

### A.

Moyhernandez first challenges the ruling that "there is no mandate to consider [the] § 3553(a) factors when reducing a sentence" under § 404 of the First Step Act. <u>Moyhernandez</u>, 2020 WL 728780, at *2. This issue of statutory interpretation is novel in this Circuit, and the subject of a circuit split. We review <u>de novo</u>. <u>See</u> <u>Holloway</u>, 956 F.3d at 664. And we conclude that consideration of the § 3553(a) factors is not required.

Section 404 contains no explicit mandate to consider § 3553(a), and we do not infer that Congress intended to imply one. (The text of § 404 is in the

12

margin.[6])  As Congress was undoubtedly aware, the First Step Act provided a

new avenue for relief to countless prisoners.  While every First Step Act motion

should receive careful review, we decline to impose a procedural requirement

that could impede efficient consideration of meritorious applications.  Should

Congress wish to require more, it may say so.

Our conclusion follows from our decision in <u>Moore</u>, which explained that

"all that § 404(b) instructs a district court to do is to determine the impact of

---

[6]  **SEC. 404. APPLICATION OF FAIR SENTENCING ACT.**
(a) DEFINITION OF COVERED OFFENSE.—In this section, the term
"covered offense" means a violation of a Federal criminal statute, the
statutory penalties for which were modified by section 2 or 3 of the Fair
Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was
committed before August 3, 2010.
(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a
sentence for a covered offense may, on motion of the defendant, the
Director of the Bureau of Prisons, the attorney for the Government, or the
court, impose a reduced sentence as if sections 2 and 3 of the Fair
Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect
at the time the covered offense was committed.
(c) LIMITATIONS.—No court shall entertain a motion made under this
section to reduce a sentence if the sentence was previously imposed or
previously reduced in accordance with the amendments made by sections
2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat.
2372) or if a previous motion made under this section to reduce the
sentence was, after the date of enactment of this Act, denied after a
complete review of the motion on the merits. Nothing in this section shall
be construed to require a court to reduce any sentence pursuant to this
section.
Pub. L. No. 115-391, 132 Stat. 5194, 5222.

Sections 2 and 3 of the Fair Sentencing Act." Moore, 975 F.3d at 91 (2d Cir.); see

United States v. Bryant, 991 F.3d 452, 457–58 (2d Cir. 2021) (per curiam)

(concluding that, under Moore, the district court had no obligation to apply a

change in the law that did not "flow from Sections 2 and 3 of the Fair Sentencing

Act" (quoting Moore, 975 F.3d at 86 (2d Cir.)).  On its face, § 404 contemplates no

more than the retroactive application of the Fair Sentencing Act.  Relief is limited

to those whose "statutory penalties . . . were modified by section 2 or 3 of the Fair

Sentencing Act"; and the district court is limited to "impos[ing] a reduced

sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at

the time the . . . offense was committed."  First Step Act § 404(a)–(b), 132 Stat. at

5222 (citation omitted); see Moore, 975 F.3d at 91 (2d Cir.) (interpreting § 404(b)'s

"as if" clause as narrowly instructing district courts to assess the impact of the

Fair Sentencing Act).  There is no more.  The only mandatory language is in the

negative, forbidding review under circumstances inapplicable here.  See First

Step Act § 404(b)–(c), 132 Stat. at 5222.  And of course the whole procedure is

confided to the court's discretion.

Thus, the First Step Act provides a "limited procedural vehicle" and

expresses no requirement "to broadly revisit every aspect of a criminal

14

sentence." Moore, 975 F.3d at 92 (2d Cir.). Moore held that the First Step Act

neither "require[s] . . . a plenary resentencing" nor "obligate[s] a district court to

recalculate an eligible defendant's Guidelines range, except to account for those

changes that flow from Sections 2 and 3 of the Fair Sentencing Act." Id. at 93.

Moore did not explicitly rule on whether consideration of the § 3553(a) factors is

required. However, it follows from Moore that, because the § 3553(a) factors do

not flow from §§ 2 and 3 of the Fair Sentencing Act, district courts have no

obligation to apply them.

**B.**

Our sister circuits are split. The Third, Fourth, Sixth, and D.C. Circuits

require consideration of the § 3553(a) factors; the First, Eighth, Tenth, and

Eleventh Circuits, along with the Ninth Circuit (in an unpublished decision), rule

that consideration of those factors is not required. See United States v. Easter,

975 F.3d 318, 323 (3d Cir. 2020); United States v. Chambers, 956 F.3d 667, 674 (4th

Cir. 2020); United States v. Boulding, 960 F.3d 774, 784 (6th Cir. 2020); United

States v. White, 984 F.3d 76, 90–91 (D.C. Cir. 2020) ("In a case with a record of

this complexity, we think it is especially important that the District Court

15

consider the [§] 3553(a) sentencing factors when passing on a motion for relief under [§] 404."); United States v. Lawrence, --- F.4th ---, No. 20-3061, 2021 WL 2425959, at *2 (D.C. Cir. June 15, 2021) (citing White for the proposition that consideration of the § 3553(a) factors is required).  But see United States v. Concepcion, 991 F.3d 279, 289 (1st Cir. 2021), petition for cert. filed, No. 20-1650 (May 26, 2021); United States v. Moore, 963 F.3d 725, 727 (8th Cir. 2020), cert. denied, 141 S. Ct. 1118 (2021); United States v. Mannie, 971 F.3d 1145, 1158 n.18 (10th Cir. 2020); United States v. Stevens, 997 F.3d 1307, 1316 (11th Cir. 2021); United States v. Houston, 805 F. App'x 546, 547 (9th Cir. 2020), petition for cert. filed, No. 20-1479 (Apr. 21, 2021); see also United States v. Kelley, 962 F.3d 470, 474 n.4, 475, 477 (9th Cir. 2020) (concluding that the district court must make "only the changes required by sections 2 and 3 of the Fair Sentencing Act" and "disagree[ing]" with the argument that reconsideration of the § 3553(a) factors is required, yet declining to rule because neither party raised the point), petition for cert. filed, No. 20-7474 (Mar. 15, 2021).[7]

---

[7] The Fifth and Seventh Circuits have not explicitly decided whether consideration of the § 3553(a) factors is required upon review of a First Step Act § 404 motion, although the Seventh Circuit has implied that it is not.  See United States v. Whitehead, 986 F.3d 547, 551 n.4 (5th Cir. 2021); United States v. Shaw, 957 F.3d 734, 741 & n.2 (7th Cir. 2020) (concluding that district courts may consider the § 3553(a) factors but declining to decide whether such consideration

16

Moyhernandez locates a mandate to consider § 3553(a) in § 404(c), which precludes review of a motion "if a previous motion made under this section . . . was . . . denied after a *complete review of the motion on the merits*." First Step Act § 404(c), 132 Stat. at 5222 (emphasis added). He cites the Sixth Circuit's decision in Boulding, 960 F.3d at 784: "[T]he necessary *review*--at a minimum--includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors." Appellant's Br. at 19 (emphasis added). This interpretation overreads § 404(c). "Section 404(c) charges a district court only with 'review' of a defendant's motion. It does not require that any particular procedures be followed during that review." Moore, 975 F.3d at 91 (2d Cir.); see also Moore, 963 F.3d at 728 (8th Cir.) ("A 'complete review' . . . means that a district court 'considered [petitioner's] arguments' . . . and 'had a reasoned basis for its decision.'" (alteration in original) (quoting United States v. Williams, 943 F.3d 841, 844 (8th Cir. 2019))). It is unlikely that Congress "obliquely slipped" a mandate for additional procedural steps "into a provision that bars repetitive litigation." Moore, 975 F.3d at 91 (2d Cir.).

is required); United States v. Fowowe, --- F.4th ---, No. 20-3197, 2021 WL 2450405, at *7, *9 (7th Cir. June 16, 2021) (explaining that district courts are "authorize[d]" to consider § 3553(a) and reasoning from that premise that application of intervening judicial decisions is permitted but not required).

Other courts have located a mandate to consider the § 3553(a) factors in use of the word "impose" in § 404(b): "[a] court that *imposed* a sentence for a covered offense may . . . *impose* a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222 (emphasis added) (citation omitted). Because § 3553(a) sets forth "factors to be considered in *imposing* a sentence," § 3553(a) (emphasis added), these courts reason, a First Step Act motion entails re-sentencing, complete with application of the § 3553(a) factors. See Easter, 975 F.3d at 324; see also id. at 325 ("Section 404(b) uses the word 'impose' twice, and the first instance clearly refers to the act of imposing the original sentence. Because Congress used the same word, we can infer that it conceived of the district court's role as being the same when it imposes an initial sentence and when it imposes a sentence under the First Step Act." (internal citation omitted)); Chambers, 956 F.3d at 674 (citing United States v. Rose, 379 F. Supp. 3d 223, 224 (S.D.N.Y. 2019), aff'd, 841 F. App'x 328 (2d Cir. 2021) (summary order)).

The repetition of the word "impose" in § 404(b) and § 3553(a) does not bear such weight. Section 404(b) "does not simply authorize a district court to

'impose a sentence,' period.  Instead, it authorizes the court to do so subject to the 'as if' clause -- that is, to determine the impact of sections 2 and 3 of the Fair Sentencing Act."  Moore, 975 F.3d at 91 (2d Cir.).  A court "imposing" a sentence in the first instance must weigh a host of considerations, and § 3553(a) provides a mechanism for that analysis.  But a court "impos[ing]" a sentence "as if" the Fair Sentencing Act had been in place focuses on the effect of the Fair Sentencing Act, on which § 3553(a) has little or no bearing.  First Step Act § 404(b), 132 Stat. at 5222.

Reinforcing this view is § 404(b)'s instruction to "impose a *reduced* sentence."  Id. (emphasis added).  Section 404(b) enables only the discretionary reduction of a sentence that was already imposed, and thus contemplates a step rather than imposition of a sentence from scratch.  See Concepcion, 991 F.3d at 288.  Further still, § 3553(a) explicitly provides that the district court "shall" consider the listed factors.  18 U.S.C. § 3553(a); see also § 3582(a) ("The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable . . . .").  It is this mandatory language--and not the word "impose"--

19

that instructs district courts to apply the § 3553(a) factors in original sentencing proceedings. See Moore, 963 F.3d at 728 (8th Cir.). The First Step Act contains no equivalent mandatory language.

Finally, we find no mandate to consider the § 3553(a) factors in 18 U.S.C. § 3582(c)(1)(B), which permits the modification of "an imposed term of imprisonment to the extent . . . expressly permitted by [the First Step Act]." § 3582(c)(1)(B); see Holloway, 956 F.3d at 666. "When Congress intends to mandate consideration of the [§] 3553 factors, it says so." Moore, 963 F.3d at 727 (8th Cir.). Accordingly, § 3582(c)(2), which permits a sentence reduction when the Sentencing Commission has lowered the applicable Guidelines range, explicitly requires consideration of the § 3553(a) factors. Section 3582(c)(1)(B) does not.

Therefore, with respect, we find unpersuasive the reasoning of sister circuits that have adopted a differing view.

## C.

Relief under the First Step Act is discretionary. Section 404(b) provides that a court "may" reduce a sentence, as long as the defendant is eligible, subject

to the limitations set forth in § 404(c).  First Step Act § 404, 132 Stat. at 5222.  "[A] district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence."  Moore, 975 F.3d at 92 n.36 (2d Cir.).

Still, discretion has limits.  A decision on a motion for a reduced sentence remains subject to appellate review; where the decision evinces "an erroneous view of the law" or "a clearly erroneous assessment of the evidence," or where it falls outside "the range of permissible decisions," we will vacate.  United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009) (quoting In re Sims, 534 F.3d 117, 132 (2d Cir. 2008)) (articulating the abuse-of-discretion standard); see White, 984 F.3d at 88 ("[T]he deference afforded discretionary decisions, even those that are largely unconstrained by statutory language or judicial precedent, does not mean that such decisions are unfettered by meaningful standards or shielded from thorough appellate review." (quotation marks and citations omitted)).  Moreover, although § 404 prescribes no procedure, "sound legal principles" must guide discretion.  White, 984 F.3d at 88 (quotation marks and citations omitted).  Accordingly, while district courts are not bound to apply the § 3553(a) factors in every First Step Act case, those factors may often prove useful.  See

21

Shaw, 957 F.3d at 741 ("Familiarity fosters manageability, and courts are well versed in using § 3553 as an analytical tool for making discretionary decisions."). The considerations listed in § 3553(a) may have different weight in the context of a defendant who is already imprisoned, but they remain sound guiding principles. Therefore, when reviewing a motion under the First Step Act § 404, "a district court may, but need not, consider the [§ 3553(a)] factors." Moore, 963 F.3d at 727 (8th Cir.); accord Concepcion, 991 F.3d at 290; Mannie, 971 F.3d at 1158 n.18.

## II

The district court did not abuse its discretion in declining to reduce Moyhernandez's terms of imprisonment and supervised release. A court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." Borden, 564 F.3d at 104 (quoting In re Sims, 534 F.3d at 132).

Notwithstanding Judge Mukasey's "reluctan[ce]" to impose the 360-month prison sentence in 2000, he considered that Moyhernandez was a career offender,

had "substantial involvement way beyond simply being a street dealer," and admitted to "moving substantial quantities." App. at 39–40. Judge Preska reasoned that Moyhernandez remained a career offender; accordingly, his Guidelines range remained unchanged. And given Moyhernandez's "lengthy criminal record," Judge Preska declined to reduce the sentence below the minimum of the Guidelines range. Moyhernandez, 2020 WL 728780, at *2. In view of Judge Mukasey's analysis at sentencing, Moyhernandez's criminal history, and his Guidelines range, Judge Preska did not erroneously assess the evidence or otherwise reach an impermissible decision.

The district court declined to reduce the ten-year term of supervised release because Moyhernandez will be deported when he is released from custody. In the context of the district court's preceding discussion of Moyhernandez's criminal history, this decision was no abuse. Moyhernandez offers no explanation as to why a shorter term of supervised release was warranted, or would matter.

## III

Moyhernandez raises two related arguments regarding the analysis of his career-offender status and the use of Form AO 247. First, Moyhernandez challenges the district court's citation to a decision from the Northern District of Ohio, which erroneously implied that a career offender is ineligible for a sentence reduction under the First Step Act. Moyhernandez, 2020 WL 728780, at *2 (citing United States v. Lawson, No. 1:03CR398, 2019 WL 1959490, at *3 (N.D. Ohio May 2, 2019), remanded, No. 19-3419, 2019 WL 8683560 (6th Cir. Nov. 14, 2019)). This citation, he argues, reveals that the district court adopted Lawson's error.

True, eligibility under the First Step Act turns on whether the defendant was sentenced "for a covered offense," and not on career-offender status. Holloway, 956 F.3d at 664 (quoting First Step Act § 404(b), 132 Stat. at 5222). But the district court applied the correct eligibility analysis, relying on the fact that Moyhernandez was sentenced for a "covered offense." Moyhernandez, 2020 WL 728780, at *1. The court appears to have cited Lawson for the proposition that "the First Step Act did not change the applicability of the career-offender designation," which is sound. Id. at *2.

24

Next, in an argument touched upon in his briefing and further developed at oral argument, Moyhernandez challenges the use of Form AO 247. He argues that this form is intended to resolve motions under 18 U.S.C. § 3582(c)(2)--which allows for a sentence reduction based on an intervening change in the Sentencing Guidelines--and not motions under the First Step Act. He asserts that the emphasis on his career-offender status, combined with the boilerplate language on Form AO 247 (referencing factors irrelevant to First Step Act motions), reflects that the district court misapprehended its authority to grant a sentence reduction under the First Step Act.[8] We disagree. First, as discussed, the district court did not misconstrue eligibility as depending on career-offender status. Second, the form is titled "Order Regarding Motion for Sentence Reduction Pursuant To *First Step Act And* 18 U.S.C. § 3582(c)(2)." App. at 64 (emphasis added). Third,

_____

[8] Form AO 247 references U.S. Sentencing Guidelines § 1B1.10 and 28 U.S.C. § 994(u), both of which are relevant to a motion for a reduced sentence based on an intervening Guidelines change, but which are not required considerations on review of a First Step Act motion. See 18 U.S.C. § 3582(c)(2) (setting forth factors to consider in reviewing a sentence-reduction motion based on an intervening Guidelines change); 28 U.S.C. § 994(u) (pertaining to the Sentencing Commission's authority to reduce Guidelines ranges); U.S. Sent'g Guidelines Manual § 1B1.10 (U.S. Sent'g Comm'n 2018) ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range"); see also 18 U.S.C. § 3582(c)(1)(B); First Step Act § 404, 132 Stat. at 5222 (containing no reference to 28 U.S.C. § 994(u) or Sentencing Commission policy statements).

although the form contains boilerplate that is irrelevant to Moyhernandez, the written decision makes clear that the district court used the proper framework.

**IV**

The dissent makes a good case that federal sentencing is harsh, but when it comes to the issue presented on appeal, the dissent fails for the following reasons.

**1.** The dissent contends that the majority opinion is a "departure from the principle of party presentation," because "neither party argues that the Section 3553(a) factors do not apply" and because the government's position is in "evident disagreement" with today's decision. Dissent at 4–5. There is no such consensus between the parties. The whole thrust of Moyhernandez's appellate brief is that consideration of the § 3553(a) factors is mandatory under the First Step Act. The United States argues against that position on several grounds, including that under <u>Moore</u>, "a district court retains discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence." Appellee's Br. at 12 (quoting <u>Moore</u>, 975 F.3d at 92 n.36 (2d Cir.)).

26

That is consistent with our decision. True, we reject the government's argument for plain error review, but it cannot be a departure from the principle of party presentation to decide the issue on which the appellant relies for relief.

The dissent cites United States v. Sineneng-Smith, 140 S. Ct. 1575 (2020), but that opinion explained that "a court is not hidebound by the precise arguments of counsel," id. at 1581, and vacated a ruling of the Ninth Circuit because "the Ninth Circuit's radical transformation of th[e] case [went] well beyond the pale," id. at 1581–82. No visible principle forecloses us from ruling on the decisive issue raised by the appellant.

**2.** The dissent's textual argument is that, because the word "impose" is used in § 404(b) to reference both the "court that imposed" the initial sentence and the authority to "impose a reduced sentence" on the defendant's motion, both proceedings entail the same considerations. First Step Act § 404(b), 132 Stat. at 5222. For this idea, the dissent relies on decisions in the Third Circuit, Easter, 975 F.3d 318, and in the Southern District of New York, Rose, 379 F. Supp. 3d 223, neither of which is binding Second Circuit law. Instead, we are bound by this

27

Circuit's ruling in <u>Moore</u>, which forecloses the ruling that both uses of "impose" have the same meaning.

Under <u>Moore</u>, "imposing" an initial sentence is distinct from "impos[ing] a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222 (citation omitted); <u>Moore</u>, 975 F.3d at 91 (2d Cir.). The latter is narrower, requiring only that a district court "determine the impact of sections 2 and 3 of the Fair Sentencing Act."[9] <u>Moore</u>, 975 F.3d at 91 (2d Cir.). If, as the dissent posits, Congress had intended "to make clear" that particular "procedural elements" were required on such review, Dissent at 13, Congress would have said so, and not left those elements for judges to think up, <u>see</u> <u>Conn. Nat'l Bank v. Germain</u>, 503 U.S. 249, 253–54 (1992) (It is the "cardinal canon" of statutory interpretation "that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."); <u>Moore</u>, 975

---

[9] Relatedly, § 404(b)'s instruction to retroactively apply §§ 2 and 3 of the Fair Sentencing Act is narrower than the dissent's artful recharacterization of § 404(b) as a mandate to apply "the *procedures* of the Fair Sentencing Act." Dissent at 12 (emphasis added). No procedure is prescribed by §§ 2 or 3 of the Fair Sentencing Act. <u>See</u> §§ 2–3, 124 Stat. at 2372.

F.3d at 91 n.34 (2d Cir.) (quoting <u>Whitman v. Am. Trucking Ass'ns</u>, 531 U.S. 457, 468 (2001) (elephants and mouseholes)).

The text of § 404(b) requires the court to consider the effect of §§ 2 and 3 of the Fair Sentencing Act rather than (as the dissent argues) the wide "world" of sentencing law in existence when that Act was passed.  Dissent at 9.

**3.**  The dissent contends that "[t]he district court was required to consider the Section 3553(a) factors before denying Moyhernandez's motion . . . ."  Dissent at 4.  This rule would mandate application of the § 3553(a) factors on every First Step Act motion (assuming an eligible defendant)--even those where no resentencing takes place because the motion is denied at the outset.  Formal consideration of the § 3553(a) factors in every case would put sand in the gears, and delay consideration of the many meritorious motions.  We do not hold, as the dissent claims, that "the *only* role of a court in a First Step Act resentencing is to place itself in the shoes of the sentencing court with all sentencing procedures remaining in place beyond those that flow from the Fair Sentencing Act. . . ."  Dissent at 10 (emphasis added).  As <u>Moore</u> explained, "a district court retains

29

discretion to decide what factors are relevant as it determines whether and to what extent to reduce a sentence." 975 F.3d at 92 n.36 (2d Cir.).

**4.** Without support from statutory text as it has previously been applied by this Court, the dissent invokes extratextual concerns.

The dissent worries that discretion will leave district courts adrift, without guiding principles; but the dissent relies on factors that themselves do nothing to promote certainty or uniformity.

The dissent would have the district court consider, as part of the § 3553(a) analysis, Moyhernandez's impending deportation as a reason to reduce his sentence. To favor those who will be deported upon release would naturally disfavor U.S. citizens; and while that would not necessarily be an abuse of discretion, it would undermine uniformity in a particularly curious way.

The dissent inveighs against the "unnecessarily harsh sentencing scheme" under which Moyhernandez was initially sentenced. Dissent at 18–19. This is pushing on an open door. The Fair Sentencing Act was passed to rectify that harsh sentencing scheme, see Dorsey v. United States, 567 U.S. 260, 268–69 (2012), and its reforms are (obviously) relevant to every § 404(b) motion,

regardless of whether the § 3553(a) factors are considered. The same goes for the grave "liberty interest" implicated on § 404(b) motions. Dissent at 15. The district courts are not in need of the § 3553(a) factors to recognize that a prisoner's liberty interest is at stake.

The dissent observes that sentences exceeding 20 years are often unjustified and that imprisonment is expensive. These fair points lack any clear link to the § 3553(a) factors.

## CONCLUSION

For the foregoing reasons, the order denying the motion for a reduced sentence under the First Step Act is affirmed.

31

POOLER, *Circuit Judge*, dissenting:

On July 13, 2000, Jose Moyhernandez appeared before then-Judge Michael B. Mukasey of the United States District Court for the Southern District of New York for sentencing on charges including conspiracy to distribute, and to possess with intent to distribute, more than 50 grams of crack cocaine. As a career offender with a prior felony offense, Moyhernandez faced a mandatory minimum of twenty years' imprisonment and a Sentencing Guidelines range of 360 months to life. His counsel requested a sentence of 25 years and explained that this was a significant sentence but would at least provide his client the chance to die outside of a prison cell. Judge Mukasey explained that in his view, 25 years was a fair and appropriate sentence, but the then-mandatory Guidelines prevented him from carrying out this agreement: "If I were operating outside the guidelines regime, I agree with you and if I were operating outside the guidelines regime, I could carry that agreement into effect, but I am not." App'x at 39. The court sentenced Moyhernandez to 360 months, the lowest available sentence. Moyhernandez remains in prison.

In the years since, Congress and the Supreme Court have taken steps to ameliorate the widely critiqued harshness of the legal regime under which

Moyhernandez was sentenced. In 2005, the Supreme Court found that the mandatory nature of the Sentencing Guidelines violated the Sixth Amendment and eliminated the provisions of the law that made the Guidelines mandatory. *See United States v. Booker*, 543 U.S. 220, 233-34 (2005). In 2010, Congress passed the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372, which reduced the sentencing disparity between crack and powder cocaine, and, as relevant here, increased the quantity of crack cocaine necessary to trigger a 20-year mandatory minimum imposed on prior drug offenders from 50 grams to 280 grams. *See* 21 U.S.C. § 841(b)(1)(A)(iii). If Moyhernandez was sentenced after the passage of the Fair Sentencing Act, it is quite clear what sentence the court would have imposed. The Guidelines were advisory by that time, and Judge Mukasey expressed his desire to impose a 25-year sentence if possible. However, the Fair Sentencing Act did not make its changes retroactive.

In 2018, building on the Fair Sentencing Act, Congress passed the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194. The First Step Act authorizes a court "that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404, 132 Stat. at 5222. Based on

the reduction of his mandatory minimum sentence for a crack cocaine offense, Moyhernandez qualified under the First Step Act for a potential reduction in sentence. On August 13, 2019, he applied for a reduction. By that time, Judge Mukasey had left the bench, and Moyhernandez's case was reassigned. Despite Judge Mukasey's stated views, the district court denied the motion for a reduction of sentence. *See United States v. Moyhernandez*, No. 97-CR-197 (LAP), 2020 WL 728780, at *2 (S.D.N.Y. Feb. 13, 2020). The district court found that Moyhernandez's Guidelines range remained the same despite the First Step Act, and also determined it need not take into consideration the sentencing factors described in 18 U.S.C. § 3553(a). *Id.*

Consideration of these factors is required in all initial sentencing proceedings. They are designed to, among other things, "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and account for "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. 3553(a). In sum, the 3553(a) factors are designed to ensure

3

district courts approach sentencing proceedings with an eye towards uniformity while still taking into account individualized concerns and the basic ideas of fairness that are supposed to underlie the criminal justice system.

The district court was required to consider the Section 3553(a) factors before denying Moyhernandez's motion, thus I respectfully dissent. The majority provides an accurate description of the facts in the record and the legal background here, so I limit my discussion to our areas of disagreement.

I begin with a point that the majority ignores: neither party argues that the Section 3553(a) factors do not apply. The majority and the district court have advanced a position advocated for by neither party. The government conceded in other cases that the 3553(a) factors apply in the context of a First Step Act resentencing. For example, in *United States v. Easter*, the court noted that "the Government has conceded here, and in cases before other circuit courts that the § 3553(a) sentencing factors apply in the § 404(b) resentencing context.", 975 F.3d 318, 325 (3d Cir. 2020) (citation and internal quotation marks omitted) (collecting cases in which the government took this position). In this case, the government did not argue an alternative position, and instead, specifically asked the district court to note its consideration of the 3553(a) factors in its briefing. On appeal, the

government argued that the district court did in fact consider the 3553(a) factors despite the language in the court's opinion disclaiming any requirement to do so, and, alternatively, that any purported error in failing to consider the 3553(a) factors was not plain.

The government did not defend the district court's ruling on the necessity of considering the 3553(a) factors in its briefing or at oral argument. In affirming the district court's ruling, the majority does not address its departure from the principle of party presentation. "[I]n both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *See United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (reversing the Ninth Circuit for reframing the case and departing from the arguments briefed by the parties (citation and alteration omitted)). Here, the district court and our Court have advanced a narrow reading of an important remedial statute despite the government's evident disagreement with this position.

In responding to this dissent, the majority takes issue with my assessment of the government's position. The majority states, "There is no such consensus between the parties. The whole thrust of Moyhernandez's appellate brief is that

5

consideration of the § 3553(a) factors is mandatory under the First Step Act. The United States argues against that position on several grounds[.]" Maj. Op. 26. However, the only basis for this statement that the majority offers is a quote that the government cites from *Moore*, in a paragraph dedicated to explaining that "because neither this Circuit nor the Supreme Court has directly addressed whether a sentencing court is required to consider the Section 3553(a) factors when deciding a First Step Act motion, any purported error was not clear or obvious under current law." Appellee's Br. at 12. The government offers no indication that it has moved away from its position in *Easter*.

The United States Sentencing Commission, which designs the Sentencing Guidelines, agrees with the government that the 3553(a) factors apply to resentencings under the First Step Act. "Courts will have to decide whether a resentencing under the Act is a plenary resentencing proceeding or a more limited resentencing. In either instance, the Act made no changes to 18 U.S.C. § 3553(a), so the courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing." *See* U.S. Sent'g Comm'n, Off. Educ. & Sent'g Practice, ESP Insider Express, Special Edition, First

6

Step Act 8 (Feb. 2019).[1] Ignoring the conclusions of the Commission and the Department of Justice, the majority takes the position that consideration of the 3553(a) factors is optional.

## II.

The majority argues that the outcome of this case is dictated by our decision in *United States v. Moore*, 975 F.3d 84 (2020). In *Moore*, the appellant argued that the district court calculating his Guidelines range in a First Step Act sentencing proceeding was required to consider the impact of a separate decision of our Court that a drug conviction under New York Penal Law Section 220.31 cannot serve as a controlled substance offense triggering application of the career offender Guideline. *Id.* at 89-90. Based on this, the appellant argued that his Guidelines range should have been lowered during resentencing. *Id.* at 90. We disagreed, finding that the First Step Act did not require a "plenary resentencing," or for the district court "to recalculate an eligible defendant's Guidelines range, except for those changes that flow from Sections 2 and 3 of the Fair Sentencing Act of 2010[.]" *Id.* at 92.

---

[1] https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf

As the majority acknowledges, the decision did not address the issue of consideration of the Section 3553(a) factors. While some of our sister circuits have reached different conclusions on the issue in *Moore*, *see United States v. Boulding*, 960 F.3d 774, 784-85 (6th Cir. 2020) (holding in part that defendants "must be afforded an opportunity" to present objections to an amended Guidelines calculation); *United States v. Chambers*, 956 F.3d 667, 668, 673-74 (4th Cir. 2020) (holding in part that courts may remedy errors in Guidelines calculations during a First Step Act resentencing), I need not address these disputes here, as the answers will not resolve the issue in dispute in this case. Indeed, the Sentencing Commission described the decision as to whether a resentencing under the First Step Act is plenary as irrelevant to the question of consideration of the sentencing factors. "Courts will have to decide whether a resentencing under the Act is a plenary resentencing proceeding or a more limited resentencing. *In either instance*, the Act made no changes to 18 U.S.C. § 3553(a), so the courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing." *See* U.S. Sent'g Comm'n, First Step Act 8 (emphasis added).

In *Moore*, our decision focused on the language of the First Step Act. We noted that the act entitled a district court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Moore*, 975 F.3d at 91 (italics omitted) (quoting First Step Act § 404(b), 132 Stat. at 5222). The majority states that from this language we can draw the conclusion that "because the § 3553(a) factors do not flow from §§ 2 and 3 of the Fair Sentencing Act, district courts have no obligation to apply them." Maj. Op. at 15.

However, this neglects the post-*Booker* passage of both the First Step Act and the Fair Sentencing Act. In passing these two acts, Congress acted in a world in which district courts were already required to consider the Section 3553(a) factors in imposing sentence. 18 U.S.C. § 3553(a); *see also id.* § 3582(a) ("The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable[.]"). Accordingly, a district court imposing a retroactive sentence as if the Fair Sentencing Act were in effect is also operating in a world in which the Guidelines are no longer mandatory and Section 3553(a) guides sentencing

decisions. Viewing the Fair Sentencing Act as unrelated to the Section 3553(a) factors requires imagining an alternate reality in which the Guidelines remained mandatory even as Congress altered other aspects of criminal law.

The logical contradictions inherent in this position are apparent from the majority's opinion. The majority suggests that while consideration of the Section 3553(a) factors is not mandatory for a district court deciding a First Step Act motion, a court may exercise its discretion to consider the factors in choosing whether to reduce a sentence and may resentence an individual like Moyhernandez to a shorter term of imprisonment. This suggests a district court retains the power to reduce a sentence below the Guidelines range in First Step Act cases. However, the majority does not explain from where a district court obtains the authority to impose a sentence below the Guidelines range in a First Step Act case. If, as the majority suggests, the only role of a court in a First Step Act resentencing is to place itself in the shoes of the sentencing court with all sentencing procedures remaining in place beyond those that flow from the Fair Sentencing Act, then the Guidelines would presumably be mandatory in any pre-*Booker* case. However, the majority clearly accepts that *Booker* applies to a First Step Act resentencing, as the Constitution requires that district courts abandon

the notion that the Guidelines are in any way mandatory. The majority acknowledges that a First Step Act resentencing extends beyond a mere mechanistic calculation of the effect of the Fair Sentencing Act on a defendant's prior Guidelines range.

Having established that *Moore* does not foreclose consideration of factors beyond the Fair Sentencing Act, the next question is whether Congress wanted district courts to consider the 3553(a) factors in resentencing under the First Step Act or left these decisions to a district court's unfettered discretion. The Third Circuit provides the clearest explanation of why the factors are required. First, in Section 404(b) of the First Step Act, Congress used the word "impose" to refer to both the initial imposition of sentencing and the act of resentencing under the First Step Act, suggesting that Congress intended for district courts to employ the same procedures in both contexts. *See Easter*, 975 F.3d at 324-27; *see also United States v. Rose*, 379 F. Supp. 3d 223, 234 (S.D.N.Y. 2019). Second, a consistent policy of use as opposed to a permissive policy of deference to the views of various district court judges, (1) "makes sentencing proceedings under the First Step Act more predictable to the parties", (2) "more straightforward for district courts," and (3) "more consistently reviewable on appeal." *Easter*, 975 F.3d at 325 (quoting

*Rose*, 379 F. Supp. 3d at 234-35). Absent such a requirement, the district courts may apply the factors haphazardly resulting in precisely the unwarranted sentencing disparities that the Guidelines are designed to avoid. *Id.* at 325.

The majority's rejoinders to these arguments are unpersuasive. First, the majority notes that the First Step Act does not make use of the word "impose" in isolation but rather provides an "as if" clause requiring the court to consider the Fair Sentencing Act. Maj. Op. at 18-19. As discussed, a district court operating in a Fair Sentencing Act world is also operating in a post-*Booker* world. Any district court imposing a sentence in accordance with the procedures of the Fair Sentencing Act will also impose a sentence after considering the Section 3553(a) factors. The majority also points out that the First Step Act only authorizes a court to "impose a reduced sentence," suggesting that the procedure is not a full sentencing. Maj. Op. at 19-20. This does not rebut the clear intent of the Congressional language. Congress specifically chose the word "impose" to refer to both the initial sentencing, which must be done in accordance with the Section 3553(a) factors, and the resentencing, rather than using "reduce" or "modify" to describe the First Step Act procedure. "A term appearing in several places in a statutory text is generally read the same way each time it appears." *Ratzlaf v.*

*United States*, 510 U.S. 135, 143 (1994). Congress wrote the statute to make clear that the First Step Act resentencing was a sentencing procedure, with all the procedural elements that a sentencing requires.

I agree with the majority that Congress did not leave "elements for judges to think up." Maj. Op. 27. Instead, it specifically chose the word "impose" to refer to the act a judge dealing with a First Step Act motion undertakes. Congress wrote this word while fully aware that the Section 3553 is entitled "Imposition of a sentence," and Section 3553(a) begins "Factors to be considered in imposing a sentence." As we are obligated to "presume that a legislature says in a statute what it means and means in a statute what it says there[,]" *Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992), we can conclude that a court instructed to "impose" is obligated to look to the "factors to be considered in imposing."

The majority acknowledges that unbridled discretion may create procedural issues but suggests that district courts should use the 3553(a) factors to guide their discretion even absent a mandate. Maj. Op. at 20-22. This interpretation does not address the concerns articulated in *Easter* and *Rose.* First, the parties will be left to grapple with this uncertainty in district court proceedings. Defendants may brief their motions for a sentence reduction in the

familiar language of the 3553(a) factors only to find that the district court has no interest in these factors. Conversely, defendants may respond to this decision by briefing factors outside of those specified by 3553(a) and discover a district court's preference is to ignore such considerations.

The outcome here will also leave district courts uncertain about best practices in First Step Act cases. The majority suggests that our Court will remain vigilant about policing the bounds of discretionary decisions made by district courts in First Step Act cases. However, in describing what our review will consider, the majority points only to the Section 3553(a) factors. Confusingly, the majority tells district courts both that the factors are not required and considering them may "impede efficient consideration of meritorious applications," but then proceeds to suggest that district courts consider them anyway. Maj. Op. at 14. In response to this dissent, the majority suggests that consideration would "put sand in the gears and delay consideration of meritorious motions." Maj. Op. at 29. Leaving district courts confused as to what procedures we expect them to employ is more likely to "impede [district courts'] efficient consideration of meritorious applications" and "put sand in the gears" than the familiar step of considering the 3553(a) factors. This uncertainty is also

likely to extend to our appellate review, as we leave district courts little guidance on what they may consider.

The gravity of the liberty interest in resentencing cases is immense. See *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013) ("[T]he need for at least some statement of reasons is fully applicable in the context of a motion for a sentence reduction. Like the initial sentencing decision, resolution of a sentence reduction motion is a discretionary decision regarding the defendant's fundamental liberty interests, which is subject to appellate review."). Defendants who are eligible for relief under the First Step Act will largely be individuals who have spent significant time incarcerated for narcotics offenses. Many will be asking for their first day in court in years. Against this liberty interest, the additional procedural burden of consideration of the 3553(a) factors is small, as district courts consider these factors regularly.

The text of the First Step Act and practical considerations point to the same conclusion: a district court must consider the 3553(a) factors in deciding on a motion for resentencing. The majority errs in ruling otherwise.

**III**.

As I would determine that consideration of the 3553(a) factors is required and remand is necessary, I must address the government's principal argument on appeal that the district court did in fact consider the 3553(a) factors in this case.

The government argues that despite ruling that it was not required to consider these factors, the district court's ruling and use of a form order that references the 3553(a) factors indicates that it took these factors into account. However, the record demonstrates that the government overstates the district court's consideration of the factors and ignores defects in the district court's opinion and form order.

In the form order the district court issued in conjunction with its opinion, the court referenced the Section 3553(a) factors, but the defects in this order do not suggest reasoned consideration of these factors. First, the district court evidently checked the wrong box, describing the motion as brought by the Director of the Bureau of Prisons rather than Moyhernandez. App'x at 64. Second, the form order does not reference the proper subsection of the Guidelines for Moyhernandez's motion, referring to 18 U.S.C. § 3582(c)(2) rather

16

than § 3582(c)(1)(B). *See United States v. Holloway*, 956 F.3d 660, 665-66 (2d Cir. 2020) (describing the difference between a motion brought under Section 3582(c)(2) and one brought under the First Step Act). The government cites a non-precedential summary order from our Circuit and a Supreme Court opinion for the notion that a form order can be enough evidence of reasoned consideration in sentence reduction motions. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967-68 (2018); *United States v. Pena*, 767 F. App'x 48, 50-51 (2d Cir. 2019). Neither of these cases contained indications that the district court had reused a stock form for a different statute than the one at issue. Indeed, perhaps anticipating this problem, the government specifically asked the district court not to use the form order and instead to create a new order with the proper statutory language. The district court failed to take this step.

The district court's opinion also does not suggest that it considered the Section 3553(a) factors. The only reference to these factors in its decision was the district court's statement that it was not required to consider them. *Moyhernandez*, 2020 WL 728780, at *2. The district court then noted that Moyhernandez's criminal history resulted in his designation as a career offender and cited to a different district court's opinion stating that the First Step Act did

17

not change the career offender guidelines. *Id.* That decision, which held that the defendant was not entitled to resentencing due to his status as a career offender, had in fact already been remanded by the Sixth Circuit for the district court to explain whether it denied a reduction in sentencing because it believed the defendant was ineligible for relief or because, in its discretion, it decided the defendant should not receive a reduction. *United States v. Lawson*, No. 19-3419, 2019 WL 8683560, at *1 (6th Cir. Nov. 14, 2019). The district court offered no explanation of any additional considerations beyond Moyhernandez's career offender status and Guidelines range and included no acknowledgment that the Guidelines were now advisory. *Moyhernandez*, 2020 WL 728780, at *1-2.

Given the absence of any indication that the district court considered the 3553(a) factors, I would vacate the decision and remand for a resentencing with instructions for the district court to consider and explain its view of the application of the Section 3553(a) factors in this case.

**CONCLUSION**

Congress passed the First Step Act based on a recognition that excessive sentences had become a major problem for our system of justice, particularly in the context of narcotics. Moyhernandez was imprisoned under an unnecessarily

18

harsh sentencing scheme that was subsequently deemed unconstitutional. The judge sentencing him initially acknowledged that a shorter sentence would serve all the goals of sentencing. In revising the Model Penal Code, the American Law Institute stated, "[p]rison terms for single offenses in excess of 20 years are rarely justified on proportionality grounds, and are too long to serve most utilitarian purposes." MODEL PENAL CODE: SENTENCING § 6.06 note on mandatory prison sentences k(3) (AM. LAW. INST., Proposed Final Draft 2017). Moyhernandez has already served more than twenty years in prison.

Moyhernandez is nearly 60 years old. At his age, the likelihood of recidivism is sharply reduced. "A longstanding finding in the criminology literature is that involvement in criminal activity is strongly dependent on age . . . . Increased involvement in crime begins in the mid-teen years and rises sharply, but for a relatively short period of time. . . . Looking at rates of robbery, for example, these peak at age nineteen and, by their late twenties, have declined by more than half." Marc Mauer, *Long-Term Sentences: Time to Reconsider the Scale of Punishment*, 87 UMKC L. REV. 113, 122 (2018) (footnotes omitted).

In a proceeding requiring consideration of the Section 3553(a) factors, the district court could consider these points and the cost of continuing to imprison

an aging man subject to immediate deportation during an ongoing pandemic against Moyhernandez's long criminal history and Guidelines range.[2] This procedural step would create no great hardship for the court and would provide the reasoned consideration of the costs and consequences of incarceration that Congress desired in passing this important legislation.[3] However, the majority denies Moyhernandez even that.

For the foregoing reasons, I respectfully dissent.

---

[2] The majority objects to considering Moyhernandez's pending deportation as connected to the Section 3553(a) factors. This neglects that the goals of sentencing included "protect[ing] the public from further crimes of the defendant" and "provid[ing] the defendant with needed educational or vocational training." 18 U.S.C. 3353(a). Clearly, the factors reflect incapacity and rehabilitation as goals of imprisonment. An individual subject to a pending deportation will not be rehabilitated into American society, nor will he pose the same risk to the public. Furthermore, unlike American citizens, immigrants may be subject to continued immigration detention upon the conclusion of their sentences.

[3] The majority believes that the developing consensus that twenty-year sentences are rarely justifiable on proportionality grounds and that elderly prisoners raise unique costs and health concerns "lack any clear link to the 3553(a) factors." Maj. Op. 31.

In addition to the goals of rehabilitation and incapacitation, the 3553(a) factors require consideration of the "history and characteristics of the defendant," "adequate deterrence," and "medical care." 18 U.S.C. § 3553(a). Growing awareness of the weak deterrent effects of sentences above twenty years and the disproportionate costs of imprisonment of the elderly are exactly the considerations that the 3553(a) factors encourage district courts to examine.