11-3761-cr
United States v. Thomas

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand twelve.

PRESENT:    RALPH K. WINTER,
            ROBERT D. SACK,
            REENA RAGGI,
                    *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                    *Appellee*,

       v.                                                    No. 11-3761-cr

GREGORY THOMAS, a.k.a. Little Earl, a.k.a. E-Z,
                    *Defendant-Appellant*.

------------------------------------------------------------------------

FOR APPELLANT:          James E. Long, Esq., Albany, New York.

FOR APPELLEE:           John G. Duncan, John M. Katko, Elizabeth S. Riker, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 14, 2011, is AFFIRMED.

Gregory Thomas, whose conviction for racketeering was affirmed by this court at the same time that we remanded for resentencing to ensure that the district court understood the scope of its discretion to vary from the Sentencing Guidelines in light of Kimbrough v. United States, 552 U.S. 85 (2007), see United States v. Applins, 637 F.3d 59, 62 (2d Cir.), cert. denied, 132 S. Ct. 816 (2011), now appeals from the 292-month prison term imposed on remand. Thomas contends that this sentence—effectively a 68-month downward variance from the 360-month Guidelines sentence originally imposed—is procedurally and substantively unreasonable. In reviewing Thomas's sentence "under a 'deferential abuse-of-discretion standard,'" United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)), we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Error

Thomas submits that various procedural errors in the district court's Guidelines calculation render his racketeering conspiracy sentence unreasonable. Thomas (like his co-defendants) raised virtually identical procedural challenges to his original, 360-month prison term on his first appeal. Where, as here, "this Court has, on the prior appeal, adjudicated [such] challenges," the law-of-the-case doctrine ordinarily "forecloses the parties

2

from renewing their previously adjudicated challenges on a subsequent appeal, even if the district court has imposed a new sentence on . . . remand." United States v. Carr, 557 F.3d 93, 103–04 (2d Cir. 2009). We identify no "compelling circumstances" that could warrant recognition of an exception to that doctrine here. Id. at 104.

Even if the law-of-the-case doctrine did not bar Thomas's procedural challenges to his sentence, we would reject all of these challenges on the merits. The district court did not err in adopting the findings of the presentence report ("PSR") with respect to the quantities sold by Thomas, and in attributing to Thomas the reasonably foreseeable sales of his coconspirators. See U.S.S.G. § 1B1.3, cmt. n.2 (providing that, in "case of a jointly undertaken criminal activity," defendant is accountable for "all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook"); United States v. Ware, 577 F.3d 442, 452 (2d Cir. 2009) (holding that district court may satisfy factfinding obligations by adopting factual statements in PSR, so long as PSR states enough facts to permit meaningful appellate review); United States v. Florez, 447 F.3d 145, 156 (2d Cir. 2006) (holding that district court is not bound by jury's drug quantity finding at sentencing).

2.    Substantive Reasonableness

To the extent Thomas's brief may be construed as arguing that his 292-month sentence for racketeering is substantively unreasonable, we are not persuaded. In evaluating the totality of such a claim, our task is not to decide what sentence we think is appropriate.

3

See <u>Gall v. United States</u>, 552 U.S. at 51. Rather, we consider only "whether the sentence imposed falls within the broad range that can be considered reasonable." <u>United States v. Jones</u>, 531 F.3d 163, 174 (2d Cir. 2008). Having reviewed the PSR and the resentencing record, we conclude that this is not one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." <u>United States v. Cavera</u>, 550 F.3d at 189 (internal quotation marks omitted).

3.    <u>Conclusion</u>

Having identified no merit in Thomas's reasonableness challenges to his sentence for racketeering conspiracy, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4