20-3357-cr
United States v. Thomas

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand twenty-two.

PRESENT:
>        DENNIS JACOBS,
>        REENA RAGGI,
>        WILLIAM J. NARDINI,
>            *Circuit Judges.*

---

**United States of America,**

>        *Appellee,*

>        v.                                        20-3357

**Gregory Thomas, AKA Little Earl, E-Z, William Robinson, AKA Gugu, AKA Googs, AKA Google,**

>        *Defendants-Appellants,*

**Billy J. Applins, AKA Gee, AKA Billy Pringle, James Kelly, AKA Boom, Nathan Speights, AKA The Mole, Dennis Jones, AKA Denny Man, AKA Crazy D, AKA JJ, Ismail Pierce, AKA Bird, AKA Rocket, AKA Holiday, AKA Styles, AKA Streets, Jerrawn Thomas, AKA Piper, AKA Jerrod, Ronnie Parnell, AKA Slick, Joseph Derby, AKA Bird, AKA Dirt, Charmish Singletary, AKA Meechie, AKA Sly, Lonnie**

**Singletary, AKA LA, Gregory Griffin, AKA Meeshack, Andre Applins, AKA AJ, Tyler Willis, AKA Trouble T, Skyler Willis, AKA Sky,**

*Defendants.*

---

**FOR DEFENDANT-APPELLANT GREGORY THOMAS:**  Gregory Thomas, *pro se,* Ray Brook, NY.

**FOR APPELLEE:**  Nicolas Commandeur, Paul D. Silver, Assistant United States Attorney, of Counsel, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, Albany, NY.

Appeal from an order of the United States District Court for the Northern District of New York (Norman A. Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 24, 2020 order of the district court is **AFFIRMED**.

*Pro se* defendant-appellant Gregory Thomas stands convicted after trial of racketeering conspiracy involving 50 grams or more of crack cocaine. *See* 18 U.S.C. § 1962(d). He here appeals from the denial of his most recent motion for a sentence reduction under 18 U.S.C. §§ 3582(c)(1)(B) and (c)(2).[1] Reviewing Thomas's submissions liberally in light of his *pro se* status, we understand him to argue that his 235-month sentence—which reflects two earlier

---

[1] Although Thomas invoked only § 3582(c)(2) to support his motion, it appears he seeks relief under § 3582(c)(1)(B), which permits a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." In this case, the operative statute is the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222. *See United States v. Holloway*, 956 F.3d 660, 665–66 (2d Cir. 2020) ("A First Step Act motion, however, is not properly evaluated under 18 U.S.C. § 3582(c)(2). That provision applies only if the defendant seeks a reduction because he was sentenced 'to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o),' *i.e.*, a change to the Sentencing Guidelines. But a First Step Act motion is based on the Act's own explicit statutory authorization, rather than on any action of the Sentencing Commission. For this reason, such a motion falls within the scope of § 3582(c)(1)(B) . . . ." (internal citations and footnote omitted)).

2

sentencing reductions from his original 360-month sentence—must be reduced yet again in light of the Fair Sentencing Act of 2010, *see* Pub. L. No. 111-220, 124 Stat. 2372, the First Step Act of 2018, *see* Pub. L. No. 115-391, 132 Stat. 5194, 5222, as well as various amendments to the Sentencing Guidelines. We "review the denial of a motion for a discretionary sentence reduction for abuse of discretion," except where a decision is premised "entirely on statutory interpretation," in which case our review is *de novo*. *United States v. Holloway*, 956 F.3d 600, 664 (2d Cir. 2020). We will identify abuse of discretion only if a ruling is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence," or "cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted). In applying these standards here, we assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision to affirm.

1. *Sentencing History.*

Thomas and four co-defendants were convicted after trial of participating in a violent racketeering enterprise known as the "Elk Block gang," which the jury expressly found to have trafficked in 50 or more grams of crack cocaine.[2] At the time of Thomas's conviction, trafficking in that drug amount was punishable by a term of 10-years-to-life imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii) (2006). The jury's quantity finding thus had the effect of raising defendant's statutory sentencing range for the racketeering crime of conviction from a term of zero-to-twenty years to zero-to-life. *See* 18 U.S.C. § 1963(a).[3] Accordingly, the district court initially sentenced Thomas to 360 months' incarceration, the low end of the 360-month-to-life advisory Guidelines range for a defendant, such as Thomas, who had a total offense level of 40 and a criminal history

[2] Co-defendant William Robinson was also an appellant in this case, but because he withdrew his appeal after oral argument to this court, his sentencing challenges are no longer before this court.

[3] This statute states in relevant part as follows: "Whoever violates any provision of section 1962 of this chapter shall be . . . imprisoned not more than 20 years (*or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment*) . . . ." 18 U.S.C. § 1963(a) (emphasis added).

category of V.[4]  Since then, Thomas has repeatedly sought, and on two occasions obtained, sentence reductions totaling approximately 10 years.

*First,* in 2011, on remand from this court, *see United States v. Applins*, 637 F.3d 59, 62 (2d Cir. 2011), the district court reduced Thomas's prison sentence to a term of 292 months.[5]  In doing so, it gave Thomas the benefit of Sentencing Guidelines Amendment 713 and proposed Amendment 750, each of which afforded a 2-level reduction in the base offense levels for crack offenses.  *See* U.S.S.G. supp. to app. C, amend. 713 (2008); U.S.S.G. app. C vol. III, amend. 750 (2011).  Amendment 750 was promulgated in response to Congress's 2010 enactment of the Fair Sentencing Act, Section 2 of which increased the quantity of crack necessary to trigger a 10-year-to-life statutory sentencing range from 50 to 280 grams.  *See* Fair Sentencing Act § 2(a)(1), 124 Stat. 2372.  Thereafter, trafficking in 50 or more—but less than 280—grams of crack became punishable under 21 U.S.C. § 841(b)(1)(B)(iii) by a term of 5-to-40 years.  Congress did not immediately make these statutory changes applicable retroactively.  Nevertheless, because it was anticipated that Amendment 750 would operate retroactively, the district court gave Thomas the benefit of its additional 2-level offense reduction, recalculating his Sentencing Guidelines range at 292-to-365 months and sentencing him to the low end of that range.

In appealing his reduced sentence as procedurally and substantively unreasonable, Thomas did not argue any Fair Sentencing Act error.  Rejecting Thomas's arguments on the merits, this court summarily affirmed his 292-month sentence.  *United States v. Thomas,* 495 F. App'x 169 (2d Cir. 2012).

*Second,* in 2014, Thomas, proceeding *pro se*, moved for a further sentence reduction

---

[4] The offense level of 40 was based on the district court's preponderance finding that Thomas could have foreseen the enterprise's trafficking in at least 1.5 kilograms of crack.  The district court permissibly relied on that quantity in calculating Thomas's Sentencing Guidelines range because it (1) did not sentence Thomas in excess of the statutory sentencing maximum (here, life) then supported by the jury's quantity finding; and (2) recognized that the Guidelines sentencing range was, in any event, advisory and not mandatory.  *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[5] Remand was ordered so that the district court could consider, consistent with the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007), whether the disparity between the Guidelines' treatment of crack- and powder-cocaine warranted a below-Guidelines sentence.

pursuant to 18 U.S.C. § 3582(c)(2).   Invoking Amendment 750, Thomas argued that because the jury's 50-gram crack finding no longer supported a life sentence under the (still-not-retroactive) Fair Sentencing Act, his racketeering crime did not warrant a sentence in excess of 20 years.   The district court denied the motion, observing that it had already given Thomas the benefit of the 292-to-365-month Guidelines range dictated by Amendment 750, and that this court had affirmed the amended 292-month judgment.   Thomas did not appeal this ruling.

*Third,* Thomas filed a second *pro se* § 3582(c)(2) motion in 2017, this time seeking a sentencing reduction based on, among other things, 2014 Guidelines Amendments 782 and 788, which effected a retroactive, across-the-board two-level offense reduction for all drug types and quantities.   The district court granted this motion, recalculating Thomas's total offense level at 34 and sentencing him to 235 months' incarceration, the low end of his revised 235-to-293-month Guidelines range.

*Fourth,* in July 2019, Thomas—this time with the assistance of counsel—filed a third motion seeking a reduction of sentence based on Congress's 2018 enactment of the First Step Act, *see* Pub. L. No. 115-391, 132 Stat. 5194, 5222; *see also* 18 U.S.C. § 3582(c)(1)(B).   That statute effectively made relevant parts of the Fair Sentencing Act retroactive: "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."   First Step Act § 404(b), 132 Stat. at 5222.   The authority to grant such retroactive relief, however, is discretionary and subject to certain express limitations:

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.

*Id.* § 404(c), 132 Stat. at 5222.

In denying Thomas a further sentence reduction, the district court found it unnecessary to decide whether Thomas's racketeering conviction was for "a covered offense."   Instead, the district court ruled that Thomas was, in any event, "not entitled to relief under the First Step Act because he has already received the sentencing benefits provided therein."   Gov't App'x at 202.

5

Alternatively the district court stated that it would not, in any event, exercise its discretion to reduce Thomas's sentence because "after careful review of the circumstances of his conviction and the evidence presented at trial," Thomas's "sentence of 235 months remains appropriate under 18 U.S.C. § 1963(a) and 18 U.S.C. § 3553(a)." *Id.*

In affirming, this court also did not decide "whether Thomas was convicted of a 'covered offense.'" *United States v. Thomas*, 827 F. App'x 63, 66 (2d Cir. 2020). Nor did we decide whether the district court erred in concluding that Thomas had already "received the benefits of the First Step Act." *Id.* Instead, we affirmed because, even if these issues were resolved in Thomas's favor, we identified no clear error or abuse of discretion in the district court's alternative discretionary decision to deny Thomas a sentence reduction. *See id.*

*Fifth*, on September 21, 2020, Thomas filed the *pro se* motion at issue on this appeal, again urging a sentence reduction under the First Step Act. In a text order entered *sua sponte* on September 24, 2020, the district court characterized the motion as "duplicative" of Thomas's prior motions and denied relief "for the reasons explained in [its previous] decision." Gov't App'x at 84. Thomas timely filed this appeal.

*2. Merits.*

Thomas argues that the district court erred in failing to grant his most recent motion for a sentence reduction because (1) he was "wrongly sentenced to a mandatory minimum sentence under a now-defunct statute," App't Br. at 6; and (2) the district court, in resentencing him to 235 months, "did not account for" the fact that his 235-to-293-month Guidelines range exceeded the 240-month maximum established by the Fair Sentencing Act, *id.* at 4. The argument fails for several reasons.

*First,* Thomas was never sentenced to a mandatory minimum sentence. In so arguing, Thomas may be confusing the penalties prescribed for crack trafficking in violation of 21 U.S.C. § 841 with those prescribed for racketeering. Before the Fair Sentencing Act, 21 U.S.C. § 841(b)(1)(A)(iii) provided a 10-year mandatory minimum and a lifetime maximum sentencing range for persons convicted of trafficking 50 or more grams of crack in violation of § 841(a). After the Fair Sentencing Act, trafficking that quantity of crack triggered a 5-year mandatory minimum and a 40-year maximum. *See id.* § 841(b)(1)(B)(iii). But only these Title 21

6

maximum sentences—not their minimums—were pertinent to identifying the sentencing range for a racketeering offense under 18 U.S.C. § 1963(a). Thus, because Thomas's racketeering was based on activity—trafficking in 50 grams or more of crack—that, at the time of conviction, carried a maximum penalty of life, his racketeering sentencing range was raised from *zero* to twenty years to *zero* to life. In sum, no mandatory minimum error supports Thomas's latest motion for a sentence reduction.

*Second,* Thomas is correct that a statutory maximum sentence necessarily sets an upper limit on any Guidelines Sentencing range. Thus, insofar as Thomas's most recently calculated Guidelines range is 235-to-292 months, *if*, as he maintains, his racketeering crime of conviction is a "covered offense" under the Fair Sentencing Act for which that law reduces the statutory maximum from life to 20 years' incarceration, that 20-year maximum would effectively narrow his Guidelines range to 235-to-240 months. *See United States v. Bennett*, 839 F.3d 153, 162 (2d Cir. 2016); U.S.S.G. §5G1.1. As on Thomas's last appeal, we need not conclusively decide the covered-offense question because, even assuming its resolution in Thomas's favor, we would identify no error warranting resentencing. Section 404(c) of the First Step Act "precludes review of a motion to reduce a sentence if the sentence already conforms with the Fair Sentencing Act, or if a reduction under the First Step Act was previously denied." *United States v. Moyhernandez*, 5 F.4th 195, 199–200 (2d Cir. 2021); *see also* First Step Act § 404(c), 132 Stat. at 5222. As discussed above, the district court denied Thomas's 2019 First Step Act motion and we affirmed. Our review of Thomas's most recent motion is therefore barred by § 404(c).[6]

---

[6] The government argues that this conclusion is also compelled by the law-of-the-case doctrine. *See United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) (stating that doctrine "ordinarily forecloses relitigation of issues expressly or impliedly decided by the appellate court" (internal quotation marks omitted)); *accord United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) (applying doctrine to appeal from resentencing). We need not decide the question because even if that doctrine or § 404(c) did not apply, on this panel's own review of the record of proceedings in the district court, we would identify no abuse of discretion in the district court's decision not to reduce Thomas's sentence below 235 months.

The court has considered Thomas's remaining arguments and concludes that they all are without merit.   Accordingly, the September 24, 2020 order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8